## No. 10,131.

### HUKILL v. MCGINNIS.

Decided November 7, 1921. Rehearing denied December 5, 1921.

Action on promissory note. Judgment for plaintiff.

*Affirmed.*

#### On Application for Supersedeas.

1. NEGOTIABLE INSTRUMENTS—*Promissory Note—Notice of Infirmity.*
   To constitute notice of an infirmity in a promissory note, the person to whom it is negotiated must have actual knowledge of the infirmity or defect, or knowledge of such facts, that his action in taking the instrument amounted to bad faith,

2. PLEADING—*Real Party in Interest.* The defense that a plaintiff is not the real party in interest, must be specially pleaded.

3. APPEAL AND ERROR—*Party in Interest—Objection.* Objection first made in the appellate court, that a special defense has not been pleaded, will not be entertained, where evidence in support of the defense was received on the trial without objection.

4. *Findings of Fact.* Findings of fact by the trial court on conflicting evidence will not be disturbed on review.

*Error to the District Court of Yuma County, Hon. L. C. Stephenson, Judge.*

Mr. JOHN G. ABBOTT, Messrs. QUAINTANCE, KING & QUAINTANCE, for plaintiff in error.

Mr. E. B. SIMMONS, Mr. WM. H. GABBERT, for defendant in error.

MR. JUSTICE WHITFORD delivered the opinion of the court.

THE defendant in error, as endorsee, sued plaintiff in error as the maker of a promissory note. The answer alleges fraud and want of consideration and charges that the defendant in error had full knowledge of the infirmities of the note at the time he received it from the hands of the payee. It appears that Selvidge, the payee, and one Shubert, sold to the plaintiff in error 1000 acres of oil leases in Texas, for which Hukill executed the note in controversy, making it payable six months after date, with an agreement that the assignment of the leases should be delivered to Hukill on or before thirty days from the date of the note. At the date of the note Selvidge and Shubert held an option for the purchase of 21,000 acres of oil leases. The leases were not obtained by Selvidge and Shubert under their option and none were ever delivered to Hukill. Simultaneously with the execution of the note, the plaintiff in error signed and attached thereto the following writing:

"To any bank, individual or trust company:

I have this day executed, in favor of John B. Selvidge,

a promissory note for the sum of $2500.00 due six months after date, and have delivered said note to Mr. John B. Selvidge and have authorized him to discount the same or use said note as collateral, and such disposition or sale is made with my full knowledge and consent.

Yours very truly,

L. H. HUKILL.

Town Idalia, Colorado
Date June 28, 1920
Witness: W. Shubert, Jr."

Within five days after the date of the note, the payee transferred it by endorsement, for a valuable consideration to the defendant in error.

Two propositions are urged on this application for a supersedeas: First, that McGinnis was not the owner of the note; second, that McGinnis did not purchase the note in good faith, and that Hukill is entitled to assert against McGinnis such defenses as he might have asserted against Selvidge.

There is no evidence in the record that defendant in error had notice of want or failure of consideration, or that he took the note in bad faith. Suspicions and surmises cannot be made to take the place of evidence. To defeat the note, there must be evidence of actual knowledge of the infirmity or defect, or knowledge of such facts that the action of the endorsee in taking the note constituted bad faith. There was no circumstance attending the sale and purchase of the note which would justify the conclusion that it was taken by the defendant in error in bad faith. The presumptions of law are in favor of the defendant in error. Furthermore, the case was tried to the court without a jury. The court determined the credibility of the witnesses and the weight to be given to the testimony, and was the sole judge of the facts, and if there was a conflict in the evidence its conclusions are binding here.

The Negotiable Instruments Act provides:

"To constitute notice of an infirmity in the instrument or defect in the title of the person negotiating the same,

the person to whom it is negotiated must have had actual knowledge of the infirmity or defect, or knowledge of such facts that his action in taking the instrument amounted to bad faith. Sec. 4519 Rev. Stat. 1908.

"If there is nothing upon the face of a negotiable instrument, or in the written indorsement or assignment, to notify the assignee that the instrument was originally given upon an illegal consideration (gambling debts excepted), or obtained through fraud, the assignee who pays value therefor, and takes the same in good faith before maturity, may recover as against the maker. This is true, even though such assignee be in possession of facts or circumstances sufficient to arouse suspicion in the mind of a person of ordinary prudence; and though he is guilty of negligence in not first following up such information for the purpose of discovering the fraud or illegality to which the suspicious circumstances may seem to point. * * * It (the rule) is founded upon commercial necessity. The untrammeled circulation of these instruments is a matter of supreme importance in the vast field of mercantile transactions. Drafts, bills of exchange and other negotiable instruments take the place of money, and circulate almost as freely. To hold that each assignee must, before accepting them, inquire into each and every suspicious circumstance bearing upon the original execution, or pointing to possible defenses in a suit between the original parties, would produce serious inconvenience to the commercial world." *Merchants' Bank v. McClelland,* 9 Colo. 608, 13 Pac. 723; *Coors v. German National Bank,* 14 Colo. 202, 23 Pac. 328, 7 L. R. A. 845; *Wedge Mines Co. v. Denver Nat. Bank,* 19 Colo. App. 188, 73 Pac. 873; *Burnham Co. v. Sethman,* 64 Colo. 189, 171 Pac. 884, L. R. A. 1918F, 1158.

The other proposition advanced by plaintiff in error is that the defendant in error was not the owner of the note; that the National Bank of Wray, of which the plaintiff in error was president, was the real party in interest at the time of the commencement of the action. This defense

was not raised by the answer. Such a defense must be spcially pleaded to be available, as was announced in *Wakeman v. Norton,* 24 Colo. 192-195, 49 Pac. 283. But counsel contend that notwithstanding the law of that case, evidence was received upon the trial on that issue without objection and that the defendant in error cannot now raise the objection for the first time, thereby depriving the plaintiff in error of the right to apply to the court for permission to amend his pleadings. *Alta Inv. Co. v. Worden,* 25 Colo. 216, 53 Pac. 1047. This seems to be the rule of procedure in this jurisdiction. However, the testimony received upon the issue as to the ownership of the note was in sharp conflict and the trial court, in the absence of a jury, found the facts in favor of the defendant in error, and such finding cannot be disturbed here.

We find no substantial error in the record. Supersedeas denied. Judgment affirmed.

MR. JUSTICE TELLER and MR. JUSTICE DENISON concur.