No. 11,300.

OMAHA STEEL WORKS *v.* MARTIN, ET AL.

Decided January 25, 1926.   Rehearing denied February 15, 1926.

Action on promissory notes.   Judgment for defendants.

*Reversed.*

1.  BILLS AND NOTES—*Due Course—Burden.*   Where the burden of showing due course is cast upon the plaintiff, he sustains that burden by proof of payment of full value; and by showing the full details of the transaction, from which there can be no rational inference of knowledge or bad faith on his part.

2.      *Notice of Infirmity.*   To constitute notice of an infirmity or defect .in the title of a person negotiating a promissory note, the person to whom it is negotiated must have actual knowledge of the infirmity or defect, or knowledge of such facts that his action in, taking the instrument amounted to bad faith.

3.  *Endorsement Without Recourse.* The fact that a promissory note is endorsed without recourse, is not in itself sufficient to put a purchaser on inquiry.

*Error to the District Court of Sedgwick County, Hon. H. E. Munson, Judge.*

Mr. GLENN N. VENRICK, Mr. H. N. MARSHALL, for plaintiff in error.

Mr. C. M. SKILES, Messrs. ROLFSON & HENDRICKS, for defendants in error.

*Department Two.*

MR. CHIEF JUSTICE ALLEN delivered the opinion of the court.

THIS cause is a consolidation of four actions, each upon a promissory note. The verdicts and judgments were for defendants, respectively. The Omaha Steel Works was the plaintiff in each case, and it brings the four cases, consolidated, here for review.

Each note in question was made and executed by one of the defendants, in the fall of 1920, and delivered to the payee, the Zonta Tire & Rubber Company, a concern which, according to the representations of its agents, intended to engage in the manufacture of automobile tires at Sioux City, Iowa. The business, however, was never established.

According to the pleadings, the evidence and the verdict, the Rubber Company obtained the notes in question by fraud predicated upon false representations, the principal one relied upon being that the Rubber Company "had rubber and fabric to operate its factory for a long time, and had on hand money sufficient to erect and equip its factory and for all machinery." The controversy, at present, is with regard to whether plaintiff was a holder in due course.

The plaintiff was in the business of selling structural steel. It made a contract with the Rubber Company to deliver to it structural steel for the sum of $6,500 and to accept therefor that amount in notes held by the Rubber Company, said notes to be selected by an officer of the Steel Company from several hundred stock subscription notes then held by the Rubber Company. This contract was carried out, and the steel was manufactured into the form needed for the contemplated factory and delivered to the Rubber Company. From the evidence, it is an undisputed fact that the Steel Company paid an adequate consideration for the notes. In fact, the steel was a full payment for the notes.

Where the burden of showing due course is cast on the plaintiff, he sustains that burden by proof of payment of full value. *Delaney v. Brownwood,* 73 Colo. 83, 85, 213 Pac. 578. In that case it was said: "* * * Upon proof of full payment, a presumption of innocence prevails again, as before the proof of defective title, subject, of course, to refutation by further evidence. This is reasonable, for who, with knowledge that it was paid or invalid, would buy a note at full price?" The plaintiff sustained the burden in the way above mentioned.

The plaintiff also sustained the burden by showing the full details of the transaction, from which there cannot be a rational inference of knowledge or bad faith on its part. The defendants offered no evidence to contradict plaintiff's testimony in that respect, but they argue that from certain circumstances disclosed in plaintiff's evidence the jury could infer that plaintiff did not take the notes in good faith. We are unable to agree with that contention.

It is said that plaintiff knew that these notes were given for stock subscriptions, but that fact is not evidence that plaintiff knew, or would even suspect, that there was any defense against the original payee, especially when plaintiff ascertained that the Rubber Company was well managed and its future prospects appeared promising.

"To constitute notice of an infirmity in the instrument

or defect in the title of the person negotiating the same, the person to whom it is negotiated must have had actual knowledge of the infirmity or defect, or knowledge of such facts that his action in taking the instrument amounted to bad faith." Section 4519, R. S. 1908, Section 3873, C. L. 1921.

The defendant points out that the notes were endorsed "without recourse." That, in itself, is not sufficient to put a purchaser on inquiry. 8 C. J. 517. Neither are there any facts in this case which make this circumstance one indicating bad faith on the part of plaintiff.

It is also emphasized that the Steel Company picked out five notes made by persons in Colorado instead of selecting notes of Iowa makers. There is no significance in that fact, as against plaintiff, in view of the explanation given by plaintiff for the selection. Plaintiff's president was informed that the makers of the Colorado notes were neighbors of the Rubber Company's president, were interested in the success of the concern, and "certain ones of them were land owners."

It would serve no useful purpose to lengthen this opinion by commenting on various circumstances disclosed by the record. In our opinion, there is nothing in the evidence even to arouse suspicion that there was any bad faith on the part of plaintiff, but even if the situation did furnish the basis for any suspicion, yet, as said in *Hukill v. McGinnis,* 70 Colo. 455, 202 Pac. 110, "suspicions and surmises cannot be made to take the place of evidence." The inferences and evidence are all in favor of the plaintiff.

Under the evidence the only verdict that could stand would be one finding that plaintiff is a holder in due course. A verdict for plaintiff should have been directed.

The judgment is reversed and the cause remanded with directions to enter judgment for plaintiff.

MR. JUSTICE DENISON and MR. JUSTICE WHITFORD concur.