No. 12,096.

ABLEY *v.* DAVIES.

Decided September 24, 1928.

Mr. HAROLD G. KING, for plaintiff in error.

Mr. H. M. KAUFMAN, Mr. H. A. FEDER, for defendant in error.

*Department Two.*

MR. JUSTICE BUTLER delivered the opinion of the court.

THE plaintiff in error, V. E. Abley, brought a replevin action against Emma M. Davies, the defendant in error, and was defeated. We are requested to finally dispose of the case upon application for supersedeas.

W. J. Lynch owned the furniture in a rooming house at No. 1450 Pennsylvania street, in Denver, and Mrs. Davies owned the furniture in a rooming house at No. 927 Broadway, in the same city. Lynch had given his promissory note secured by a chattel mortgage of his furniture, and Abley was the owner of the note, having purchased the same from J. C. Wilkins, a broker. Mrs. Davies' furniture also was subject to a chattel mortgage. Lynch's rooming house was much smaller than Mrs. Davies' room-

ing house. He wanted a larger house. Through the efforts of Wilkins, an exchange was effected. Mrs. Davies gave to Lynch her note for the balance he owed on his note held by Abley. To secure her note, Mrs. Davies gave a chattel mortgage of the furniture in the Pennsylvania street house. Lynch endorsed the note and delivered it and the Davies mortgage to Wilkins, who delivered them to Abley in exchange for the Lynch note and mortgage. Whereupon the Lynch note was cancelled and the Lynch mortgage was released. In other words, to enable the parties to make the exchange of rooming houses, Abley, at the request of Wilkins, accepted the Davies note and mortgage in exchange for the Lynch note and mortgage that Abley theretofore had purchased from Wilkins. Abley neither asked for nor received any consideration for doing so; it was done as an accommodation. Mrs. Davies did not know Abley; she never saw him nor had any conversation with him until months after the exchange was made. Abley took no part in the negotiations for the exchange of the rooming houses, and was not present during such negotiations. The Davies note was left by Abley with Wilkins for collection, and two payments thereon were made to Wilkins. As no other payments were made, though due, Abley brought this replevin action. Resisting the action, Mrs. Davies alleged that Wilkins falsely represented to her that the Lynch property was free from encumbrance, and thereby induced her to make the trade; denied that she executed or delivered the note or mortgage to Lynch; admitted that she signed some papers, but alleged that she did not know what they were; alleged that when she started to read them, Wilkins did not allow her to proceed, saying that it would take up too much time, and that she could rely upon him; admitted making two payments on the note, but alleged that the payments were made under duress and coercion; alleged that there was no consideration for the note, and that Abley is not a bona fide holder of the note or mortgage. Abley, in reply, pleaded that he

was a bona fide purchaser of the note and mortgage. There was no evidence tending to show that Mrs. Davies made either of the two payments under duress or coercion. That she signed the note and executed the chattel mortgage is practically admitted, and was proven beyond any doubt.

Assuming that the evidence produced by Mrs. Davies established fraud on the part of Wilkins, such fraud would not defeat Abley's action, provided he is a bona fide holder of the note and mortgage. As the uncontradicted evidence is that Abley paid full value for the note before its maturity, to defeat recovery in this action the burden was upon Mrs. Davies to prove that at the time Abley acquired the note he had actual knowledge of the fraud, or knowledge of such facts that his action in taking the instrument amounted to bad faith. C. L., § 3873; *Omaha Steel Works v. Martin,* 78 Colo. 560, 243 Pac. 619; *Delaney v. Brownwood,* 73 Colo. 83, 213 Pac. 578. It was not proven at the trial, and it is not contended now, that Abley had any personal knowledge or notice; it is practically admitted that he did not; but it is sought to charge him with Wilkins' knowledge, on the theory that Wilkins was his agent. This is a departure from the theory of the answer. If Wilkins was Abley's agent in the transaction, his representations and acts within the scope of the agency would be the representations and acts of his principal, Abley, and would be alleged as such. But there is no allegation in the answer that gives any intimation that such contention would be made. However, there is no evidence that tends to establish such an agency. Wilkins had sold to Abley the Lynch note and mortgage. As broker, working presumably for a commission, Wilkins arranged for an exchange of the two rooming houses. The evidence shows that he was acting for both Lynch and Mrs. Davies in this matter. The deal could not be completed unless Abley would exchange the Lynch note and mortgage for the Davies note and mortgage. Wilkins induced Abley to make such ex-

change. Abley received nothing for doing so. If Wilkins had told Abley that any misrepresentation had been made, Abley, of course, would have refused to exchange his unassailable security for one that could, and probably would, be rendered void by a decree of court. In that event the deal between Lynch and Mrs. Davies would not have been consummated, and Wilkins would have lost a commission. Abley acquired the Davies note and mortgage from Wilkins. Wilkins was not the agent of Abley. Abley testified—and his testimony is uncontradicted—that he purchased the papers from Wilkins, meaning, of course, that he "purchased" the Davies note and mortgage from Wilkins and gave the Lynch note and mortgage in "payment" therefor.

If Mrs. Davies has been defrauded, she should seek redress from the one who committed the fraud. She is not entitled to be made whole at the expense of one who in no manner was responsible for her loss, who took no part in the negotiations between her and Lynch or between her and Wilkins, and who, at the time of acquiring the note and mortgage, had no knowledge or notice of the matters of which she now complains. The trial court should have directed a verdict for the plaintiff, as requested. *Neal v. Wilson County Bank,* 83 Colo. 118, 263 Pac. 18.

The judgment is reversed and the cause is remanded with the direction to enter judgment for the plaintiff, Abley.

MR. CHIEF JUSTICE DENISON, MR. JUSTICE ADAMS and MR. JUSTICE CAMPBELL concur.