## No. 11,993.

RIEL, ET AL. *v.* CANNON, ET AL.

Decided February 18, 1929.

Messrs. QUAINTANCE & QUAINTANCE, for plaintiffs in error.

Mr. WILBUR F. DENIOUS, Mr. HUDSON MOORE, for defendants in error.

*En Banc.*

MR. JUSTICE BUTLER delivered the opinion of the court.

CARL Ph. Schwalb and H. Brown Cannon sued A. R. Riel and L. F. Riel on a promissory note. To the answer the plaintiffs filed a general demurrer, which was sustained. Judgment was rendered for $2,600, which included $250 attorneys' fee. The first defense need not be considered at this time.

In their second defense, the defendants deny that the note was given for value received, and allege that there was no consideration for the note; deny that the plaintiffs are the holders and owners of the note for value and that the note is past due and that no part thereof

has been paid; allege that plaintiffs were fully aware of the fact that the note was given for no good and valuable consideration as aforesaid; that they took the note long after it, by its terms, was due and payable; and deny that $400, alleged in the complaint as a reasonable attorneys' fee, is a reasonable fee. They allege that the plaintiffs are estopped to assert that defendants' note was given for good and valuable consideration; that long prior to July 13, 1925, defendants executed and delivered to The Home Savings & Merchants Bank a certain promissory note for $2,000, which became due and payable on or about the 13th day of July, 1925; that on or about the 6th day of July, A. D. 1925, The Home Savings & Merchants Bank was consolidated with and became a part of The Globe National Bank; that the consolidation was not made in good faith, but was effected by means of deception and deceit, false pretenses and fraudulent concealment practiced upon the federal bank examiner by the officers and directors of The Home Savings & Merchants Bank; that plaintiffs knew and were fully aware of the fact that the consolidation was effected in the manner and by the means aforesaid and that the consolidation was not made in good faith, and actively assisted in the arrangements for the consolidation; that on the 6th day of July, 1925, and for a long period of time prior thereto The Home Savings & Merchants Bank was and had been insolvent; that plaintiffs were directors of The Home Savings & Merchants Bank and knew of its insolvent condition; that on or about July 6, 1925, The Home Savings & Merchants Bank sold the note to The Central Savings Bank; that the sale was not made in good faith and plaintiffs were fully aware of the sale and that it was not made in good faith; that defendants were not notified of the sale of the paper until after September 19, 1925, at which time The Globe National Bank closed its doors; that plaintiffs guaranteed the payment of the note and all renewals thereof to The Central Savings Bank; that from and after the 6th day of July,

1925, The Globe National Bank was insolvent and that plaintiffs knew of its insolvent condition; that between July 6 and September 19, 1925, plaintiffs were representing themselves to be directors of The Globe National Bank and were advertising themselves as such; that at all times between July 6 and September 19, 1925, plaintiffs were acting as directors of The Globe National Bank and were familiar with and cognizant of its dealings and transactions; that defendants' note came due on July 13, 1925, and prior to that date they were notified of the due date by The Globe National Bank and the note set forth in paragraph 2 of the complaint was executed and delivered by defendants to The Globe National Bank; that The Globe National Bank urged them not to pay the note, but to execute the renewal note instead; that the note was signed and delivered to The Globe National Bank on or about July 13, 1925; that at that time The Globe National Bank was insolvent; that at the time of the execution of the renewal note The Globe National Bank fraudulently concealed from defendants that their original note had been sold to The Central Savings Bank, and fraudulently concealed from the defendants that The Globe National Bank was insolvent; that at that time and at various times between April 13, 1925, and September 19, 1925, defendants had on deposit with The Home Savings & Merchants Bank and The Globe National Bank in accounts solely under their control and disposal and belonging to them more than enough money to have paid the note in full; that had they known of the sale of their original note, or that The Home Savings & Merchants Bank or that The Globe National Bank was insolvent, they would have withdrawn their deposits; that they understood and believed that The Home Savings & Merchants Bank and The Globe National Bank were solvent at all times and the owner of their original note, and were led so to believe by The Home Savings & Merchants Bank and The Globe National Bank; that thereafter, to wit, on the 19th day of September, 1925, The Globe Na-

tional Bank closed its doors by reason of an order therefor issued by the proper federal authority; that thereafter for the first time defendants were informed that The Central Savings Bank had been the owner of the original note since July 6, 1925, and claimed to own the renewal note; that had their paper remained the property of The Globe National Bank, as defendants understood and believed it did, and relied thereupon at all times prior to the failure of the bank, defendants would have had an offset for the full amount of the note, and that the note would have been paid by the offset; that at various times between April 13, 1925, and September 19, 1925, defendants had on deposit with The Home Savings & Merchants Bank and The Globe National Bank in accounts solely under and at their control and disposal more than enough money to pay said note; that defendants were entitled to a set-off of the deposits against the note; that the note was paid by the set-off; that plaintiffs took the note with full knowledge of the above facts and long after maturity of the note; that to date defendants have received from the receiver of The Globe National Bank on the two thousand dollar deposit claimed as an offset, approximately the sum of only seven hundred dollars; that defendants have repeatedly offered to pay to plaintiffs the seven hundred dollars and such other sums as may be paid by the receiver of the insolvent The Globe National Bank, and do hereby offer so to do, but that plaintiffs have refused and now refuse to accept said amount, but demand the payment in full of the renewal note; that plaintiffs are estopped from asserting that no part of said renewal note has been paid, and from asserting a claim thereon against these defendants.

We are unanimously of the opinion that the pleading is sufficient to defeat a general demurrer.

The judgment is reversed, with the direction to the trial court to overrule the demurrer to the second defense.