# No. 11,940.

## SCHWALB ET AL. *v*. RIEL.

Decided November 12, 1929.   Rehearing denied December 9, 1929.

**430**

Mr. Wilbur F. Denious, Mr. Hudson Moore, for plaintiffs in error.

Messrs. Quaintance & Quaintance, for defendant in error.

*En Banc.*

Mr. Justice Moore delivered the opinion of the court.

Parties are referred to as they appear in the lower court.

Plaintiffs sued defendant on two counts to recover on two promissory notes, one dated July 25, 1925, payable to the order of the Globe National Bank for the principal sum of $500, and the other dated August 27, 1925, payable to the order of said bank for the principal sum of $1,000. Defendant interposed two defenses to each of which the plaintiffs filed their demurrer. The demurrer to the first defense alleging no consideration was sustained, leaving the question of reasonableness of attorney's fees provided in said notes as the sole issue raised by said first defense. The lower court overruled the demurrer to the second defense which purported to allege no consideration, payment, and estoppel. Plaintiffs thereupon replied denying the allegations in the answer and, upon a trial to a jury, defendant had a verdict, and a judgment was entered which plaintiffs now seek to review. Twenty-five errors are assigned which include overruling plaintiffs' demurrer to defendant's second defense; refusal of the court to instruct a verdict for the plaintiffs; rulings on the admission of certain evidence, and the failure to give and giving certain instructions.

The record discloses, by undisputed evidence, that the defendant for some time prior to the execution of the notes in question was a depositor in the Home Savings and Merchants Bank, a Denver institution; that he borrowed therefrom $2,000, and gave two notes therefor in

the sum of $1,000 each, one maturing July 25, 1925, and the other August 27, 1925. On July 6, 1925, the Globe. National Bank purchased the assets of the Home Savings and Merchants Bank, including said notes. The next day the Globe National Bank sold to the Central Savings Bank and Trust Company notes aggregating approximately $500,000, included among which were said Riel notes. The latter bank was a purchaser before maturity, for full value and in good faith of all said notes and had no knowledge that the Riel notes were among those purchased. Plaintiffs guaranteed the payment of all said notes to the Central Savings Bank having no knowledge that the notes of defendant were included therein.

Riel continued as a depositor in the Globe Bank, which failed September 19, 1925. From July 6, 1925, to September 19, 1925, Riel withdrew approximately $565, and deposited $1,700. On July 25, 1925, one note matured, $500 and interest was paid thereon, and a renewal note for the balance of $500 was executed. On August 25, the other note matured, the interest was paid thereon and a renewal given for the full amount of the principal. The renewal notes were made payable to the order of the Globe National Bank in accordance with banking customs. Riel refused to pay these notes upon maturity, and, after demand and in compliance with their guaranty, Cannon and Schwalb paid to the Central Savings Bank the amount due on the said notes and brought this suit. Upon the trial, defendant tendered into court for the use of plaintiffs $557.85, dividends received by him upon the sums which he had on deposit at the time the Globe Bank failed. At the conclusion of the evidence, the court overruled plaintiffs' motion for a directed verdict and submitted the case to the jury upon three issues: No consideration, payment by set-off, and estoppel.

Upon a verdict for the defendant, judgment was entered for plaintiffs for the amount tendered into court by defendant.

■ On February 18, 1929, in case No. 11,933 in the Su-

preme Court (85 Colo. 251), a companion case to the one now under consideration, wherein A. R. Riel and L. F. Riel were plaintiffs in error and defendants below, and H. Brown Cannon and Carl Ph. Schwalb were defendants in error and plaintiffs below, and wherein another lower court sustained a general demurrer to the identical second defense here interposed, we held that as against a general demurrer, said defense was good and reversed the case with directions to the trial court to overrule said demurrer and to proceed with the trial of the case. It having been decided therein that said second defense was good as against a general demurrer, this decision is controlling here.

If the undisputed evidence discloses that a valuable consideration was paid for said notes; that there was no payment by set-off or otherwise and that the defendants are not estopped to assert that they are bona fide holders for value in good faith, and without notice of any infirmity in said notes, the lower court should have directed a verdict for the plaintiffs.

1. As to the defense of no consideration, the record discloses that defendant testified (folio 175): "Q. You got the money for two notes, being Exhibits A and B for $1,000 and $500? A. Yes, I did," an unequivocal admission of consideration.

2. As to the defense of payment, the record discloses that the original notes, for which the notes sued upon here were given as renewals, were sold to the Central Savings Bank and Trust Company on July 6, 1925; that said bank paid full value therefor and were holders of the notes in good faith without notice of any claim of payment or set-off, and that the plaintiffs, pursuant to their guaranty, paid the full amount for the notes and had no notice, actual or constructive, of any defense to said notes. Defendant admits that he did not pay said notes, but claims that he should be allowed a set-off in the amount of his deposits in the Globe Bank at the time it failed. He contends that the evidence shows that the

Globe National Bank was insolvent and concealed its insolvency; that the defendant had on deposit sufficient money at various times to pay off said notes; that if the Globe National Bank had retained ownership thereof, he would have been entitled to a set-off of deposits as against the amount of the notes. Assuming these facts were shown, they are wholly insufficient as evidence showing payment or set-off because the Central Savings Bank and Trust Company acted in entire good faith in purchasing said notes and others, and the plaintiffs guaranteed and paid said notes without any knowledge that they were included in the notes purchased by the Central Savings Bank.

3. As to estoppel, it is alleged by defendant's second defense, and claimed to have been shown by the evidence, that the consolidation of the Home Savings and Merchants Bank with the Globe was brought about by means of deception and deceit, false pretenses and fraudulent concealment practiced upon the federal bank examiner by the officers and directors of the Home Savings and Merchants Bank; that plaintiffs were directors of the Home Savings and Merchants Bank and knew of its insolvent condition; that the sale of said notes to the Central Savings Bank was not made in good faith; that this fact was known to the plaintiffs; that the Globe National Bank was insolvent, and that the plaintiffs knew of said insolvency and that said plaintiffs were acting as directors of said Globe, and were familiar with its transactions, and that, at the time of the execution of the renewal note, the Globe National Bank, fraudulently concealed from defendant that his original note had been sold, and fraudulently concealed that the Globe Bank was insolvent; that the defendant had on deposit more than enough money to pay said note, and that if he had known the facts said notes would have been paid; that the plaintiffs took said notes with full knowledge of these facts and therefore are estopped from asserting that no part of said renewal notes have been paid.

The evidence affirmatively and indisputably discloses that the Central Savings Bank, in good faith, purchased said original notes, for full value, before maturity and without notice of any defect or claimed set-off and that plaintiffs guaranteed and paid full value for said notes under the same conditions. Defendant, therefore, cannot be heard to assert that payment was made in the amount claimed by defendant or in any amount or that plaintiffs are estopped to deny payment by set-off or otherwise.

In view of the foregoing, the court erred in denying plaintiffs' motion to instruct a verdict in favor of the plaintiffs for the amount of principal and interest due on said notes. The notes provide for a reasonable attorney's fee. This question should have been submitted to the jury.

The case is reversed with directions to vacate the judgment heretofore entered and to render judgment for the plaintiffs for the full amount of principal and interest due upon said notes and to submit to a jury or determine, if requested, the issue of a reasonable attorney's fee.

MR. JUSTICE CAMPBELL not participating.