No. 14,797.

MARQUART ET AL. *v.* CLARK.

(121 P. [2d] 885)

Decided January 26, 1942.

Mr. E. CLIFFORD HEALD, for plaintiffs in error.

Messrs. IRELAND & IRELAND, for defendant in error.

*In Department.*

MR. JUSTICE BAKKE delivered the opinion of the court.

CLARK, defendant in error, who was plaintiff below, brought suit and had judgment against plaintiffs in error, defendants below, on a promissory note. The principal defenses pleaded were lack of consideration and duress. At the close of the evidence the court sustained a motion interposed by defendant in error for a directed verdict and entered judgment on the verdict. Reversal is sought on a writ of error. Reference will be made to the parties as they appeared below, or by name.

According to plaintiff's testimony, the note in suit ($1,421.11 face amount, and hereinafter mentioned as Exhibit "A") was given November 14, 1935, as a renewal note to supplant a former one executed in November, 1930, the latter being secured by a second mortgage on real estate in Weld and Adams counties, the first mortgage being in favor of the Federal Land Bank which foreclosed.

The defense of no consideration was based upon the theory that the note upon which the suit was brought was part of the consideration for an earlier transaction in 1921 in which the defendants obligated themselves to pay Clark $6,500 for his interest in a ranch in Weld county. Notes covering this sum were secured by a deed of trust on the ranch. At about the same time, Marquart gave Clark two other notes, face amount $1,500 and $1,179.85, respectively, secured by deed of trust on Denver property owned by Marquart, including a garage located thereon. Defendants contend that all of this indebtedness was paid, and that they were subjected to duress at the time Exhibit "A" was signed, in that Mar-

quart, became of strained financial circumstances, could not obtain a new loan on his garage property without obtaining a release from Clark which was refused unless and until defendants signed Exhibit "A".

The evidence is undisputed that part of the payment of the above described indebtedness included the giving of a new note executed in 1930 by the defendants in the sum of $1,119.34, which admittedly they owed at that time, and the basic question in the case was whether this $1,-119.34 note had since been paid, because if it had not, then Exhibit "A" is good, it being accepted as a renewal of the $1,119.34 note. Marquart admitted that there was no misrepresentation or duress practiced on him at the time the $1,119.34 note was given, and that he signed it voluntarily. Attempt was then made by defendants to show that the $1,119.34 note was paid by the execution of a quitclaim deed to some land in Nebraska, but it appears beyond dispute that the deed was given to cancel still another note of the Arnolds in the sum of $1,200 which Arnold at first testified he did not remember. However, the quitclaim deed itself specifically and solely describes the $1,200 note.

Counsel for defendants summarize their assignments in the contention that the trial court erred: 1. In refusing evidence of payment of prior note. 2. In allowing variant evidence. 3. In refusing offer of proof. 4. In directing a verdict for plaintiff.

■■ 1. This alleged error goes to the court's refusal to admit in evidence the quitclaim deed and a letter concerning it. There was no error in excluding these proferred exhibits, because they pertained to a transaction wholly unrelated to that involving the note upon which the suit was brought. The parol-evidence rule does not exclude testimony which shows what the actual consideration in a given situation is; but where it is obvious that the instruments sought to be introduced are wholly separate and apart from the one upon which the

action is instituted, it is the court's duty to exclude them.

■ 2. The question of variance arises by virtue of plaintiff's plea that Exhibit "A" represented a balance due on an old indebtedness, when the proof disclosed that there may have been a novation.

Technically it may be true that there was a novation, but whatever error there was incident thereto was harmless. The real issue in the case was whether the indebtedness allegedly covered by Exhibit "A" had previously been paid. The evidence clearly established the fact that it had not been paid. Marquart, as already indicated, voluntarily signed the note given in 1930, and there is no evidence showing that it had been paid, and whether we treat it as a new or old indebtedness is immaterial.

■ 3. The offer of proof was to the effect that Marquart was coerced into signing Exhibit "A" by reason of the fact that Clark told him that he would not release the deed of trust on Marquart's garage property until Marquart signed the note. There was no error in refusing the offer for two reasons: First, the notes, liquidation of which was required to release the deed of trust, already had been marked paid and turned over to Marquart. All that would have been necessary to secure the release was to surrender them to the public trustee. Why that was not done is not disclosed. Second, whatever the pressure that was brought to bear on Marquart, it was not duress in law. *McClair v. Wilson*, 18 Colo. 82, 31 Pac. 502.

■ 4. Under the circumstances presented by the record there was no error in the granting of plaintiff's motion for a directed verdict. *Neal v. Wilson County Bank*, 83 Colo. 118, 263 Pac. 18; *Schwalb v. Riel*, 86 Colo. 429, 282 Pac. 876; *Tisdel v. Central Sav. Bank & Tr. Co.*, 90 Colo. 114, 6 P. (2d) 912.

Judgment affirmed.

MR. CHIEF JUSTICE YOUNG and MR. JUSTICE BOCK concur.

MR. JUSTICE HILLIARD not participating.