No. 18,277.

CIVIC FINANCE COMPANY *v.* ED MEINTZER.

(328 P. [2d] 379)

Decided July 14, 1958.

Mr. MANDEL BERENBAUM, Mr. JOSEPH BERENBAUM, for plaintiff in error.

Mr. JOHN J. GIBBONS, for defendant in error.

*En Banc.*

Mr. Justice Knauss delivered the opinion of the Court.

In the trial court plaintiff in error was plaintiff and defendant in error was defendant. We will refer to the parties as they there appeared.

By its complaint plaintiff sought to recover $1,645.62, together with interest and attorney's fees, on a promissory note executed by defendant and payable to Sportsman Air Craft and by the latter before maturity assigned and transferred for value to the plaintiff, a finance company. The answer of defendant admitted the execution of the note, denied that there was any consideration therefor and affirmatively alleged that defendant "was merely an accommodation signer and not responsible to plaintiff for payments."

At the end of plaintiff's case on motion of counsel for defendant a "non-suit" was entered; the trial court stating that the evidence on the part of plaintiff created in the mind of the trial judge "such a doubt from all of the evidence in this matter as to the part played by a third party or parties, namely, the Sportsman Air Craft Company, and one Frank D. Carr, who purportedly was an official of said company, and that on the further grounds that it has been admitted by an officer of the Civic Finance Company that he didn't know of any consideration given to one Ed Meintzer [defendant], but does know and has so testified in this courtroom that a consideration in the amount of $1,170.00 cash was paid to one Frank Carr, that creates such a doubt, that this Court is resolving that doubt in favor of this defendant." Thereupon the action was dismissed and plaintiff brings the case here on writ of error.

■ ■ A careful review of the record strongly indicates that plaintiff was a holder in due course before maturity and for value, of a negotiable instrument, without notice of any infirmity in the instrument or defect in the title of the payee named in the instrument. All pre-

574

sumptions under C.R.S. '53, 95-1-52, are in favor of the holder of the instrument and we find no circumstance attending the sale and purchase of the note in question justifying the conclusion that it was taken in bad faith by the plaintiff. It is fundamental that a purchaser in good faith of a negotiable instrument, before maturity and for value which is valid on its face may recover as against the maker. *Hukill v. McGinnis,* 70 Colo. 455, 202 Pac. 110.

C.R.S. '53, 95-1-59, provides that "Every holder is deemed prima facie to be a holder in due course."

Defendant alleged in his answer that he was "merely an accommodation signer and not responsible to plaintiff for payments." Even if it be conceded that defendant was an accommodation maker, that fact does not do away with his responsibility for payment as fixed by the statute. C.R.S. '53, 95-1-29, provides: "An accommodation party is one who has signed the instrument as maker, drawer, acceptor or indorser, without receiving value therefor, and for the purpose of lending his name to some other person. Such a person is liable on the instrument to a holder for value, notwithstanding such holder at the time of taking the instrument knew him to be only an accommodation party."

Upon this record plaintiff made out a prima facie case, and the trial court erred in dismissing the action at the conclusion of the evidence offered by plaintiff.

The judgment is reversed and the cause remanded to the trial court with direction to vacate the order dismissing the action, and for further proceedings as may be consistent with the views above expressed.

MR. JUSTICE DAY not participating.