Opinion by
Stanley H. Johnson.*
Plaintiff in error, the plaintiff below, brought five actions in foreclosure upon five notes secured by five deeds of trust, all executed in the name or under the seal of the defendant Colorado Real Estate & Development, Inc., a Delaware corporation, by the defendant *157 Thomas J. Carlile, as president, and James O. Hadley, as secretary. The notes were also signed by Carlile individually as accommodation maker. Each note provided for acceleration of maturity without notice upon default, for ten per cent interest, and for reasonable attorney’s fees in the event of suit for collection. The deeds of trust contained the usual provisions for recovery of taxes and insurance premiums paid, expense of foreclosure, and attorney’s fees in a specified amount. Proceeds of the loans were used for the construction of five houses upon five lots owned by the defendant company, which were completed at the time of trial. No payments of principal or interest were made after August 16, 1963, when the plaintiff gave notice to the defendants of default declaring the entire principal and unpaid interest due as of that date with interest at ten per cent upon all of the notes.
The answers of the defendant company and the defendant Carlile, although in effect admitting that plaintiff held an equitable lien upon the improved real estate, denied that either defendant was liable upon notes for any deficiency, contending they had not been authorized by the company. None of the remaining defendants appeared.
The trial court rendered decrees of foreclosure under the deeds of trust. It, however, denied any recovery upon the notes for any deficiency against either defendant. In substance, it ruled that there was neither authorization nor ratification by the corporation of the acts of the signers. Plaintiff prosecutes this writ of error seeking to enforce liability on the notes. Since the same questions of fact and law arise in all five cases they have accordingly been consolidated for review before this Court.
I.
The corporation contends that it is not liable on the notes by virtue of the fact that the plaintiff has failed to prove that the president and secretary of the *158 corporation were authorized to execute the notes or the deeds of trust; further, that no specific authority had ever been given them by the board of directors, and none had ever been requested by the plaintiff; and lastly, that there was no showing that the board of directors had knowledge of the loans or the execution of the instruments. We do not agree. The record reflects quite clearly that Thomas J. Carlile, as president, general manager, director, and major stockholder, and Maurice H. Sutton, vice-president of the corporation were given full power and authority to negotiate and execute loans for and on behalf of the corporation, and for its declared purpose and benefit. Furthermore, the corporation has benefited materially as a result of their activity. Under such circumstances it would be wholly inequitable to permit it to be absolved of its just obligations.
A corporation may not give its president carte blanche authority to borrow money for its authorized business purpose, and then assert want of authority when the venture turns unprofitable. Even if the loans were not originally authorized they were ratified by acceptance of the benefits. Hayutin v. Gibbons, 139 Colo. 262, 338 P.2d 1032; Film Enterprises, Inc. v. Selected Pictures, Inc., 138 Colo. 468, 335 P.2d 260; McCoy v. Pastorius, 125 Colo. 574, 246 P.2d 611.
Since under the facts of this case the corporation and Carlile were precluded from setting up want of authority, we see no validity to the argument that C.R.S. ’53, 95-1-23 offers the defendants a meritorious defense. Moreover, the trial court erred when it ruled that the plaintiff must show, through the corporation’s articles, by-laws, or minutes, express authority for these loans from the corporation or its board.
In St. Clair v. Rutledge, 115 Wis. 583, 590, 92 N.W. 234, 236, we find the following apt quotation:
“The application of the doctrine of estoppel by courts has kept pace with the rapid development of corporate enterprise, so that, while ancient rules regarding limits *159 upon powers of officers of corporations have not been abrogated, they are conclusively presumed to have been complied with or compliance to have been waived by the corporation where justice so requires.”
II.
With reference to the liability of the defendant Carlile upon the notes which he signed individually as an accommodation maker at plaintiff’s request in order to obtain the loans for the corporation of which he was an officer and principal stockholder, we hold that the defendant Carlile is liable jointly and severally with the corporation for all amounts due upon the notes, less the net proceeds of the foreclosure sale applied to their reduction. C.R.S. ’53, 95-1-29. Civic Finance Co. v. Meintzer, 137 Colo. 572, 328 P.2d 379; Bloom v. Pioneer State Bank, 75 Colo. 28, 223 P.750.
III.
 We have reviewed the record and read the briefs of counsel. We have also heard oral argument in the matter. After due deliberation, we summarize our holdings briefly as follows:
1. That the trial court was correct in granting plaintiff decrees of foreclosure on August 6, 1964;
2. That it was in error in denying recovery on the notes in question;
3. That it was in error in disallowing as an expense the cost of bringing the abstracts of title up-to-date;
4. That the stated attorney’s fee of $300 for supervision of foreclosure proceedings through the Public Trustee was inapplicable since the provision of the note was for “reasonable” attorney’s fees, and that the amounts fixed by the court of three per cent of the principal of each note was in accordance with the evidence and reasonable;
5. That the court should be directed to enter interest at the rate of ten per cent from August 16, 1963 to August 6, 1964, and at six per cent thereafter.
The judgment is affirmed in part, reversed in part *160 and remanded to the trial court for entry of judgment and decree consonant with the views expressed herein.
Mr. Chief Justice Moore, Mr. Justice Sutton and Mr. Justice Day concur.

Retired district judge sitting under assignment by the Chief Justice under provisions of Article VI, Section 5(3) of the constitution of Colorado.