Thomas F. ROMOLA,
Plaintiff-Appellant,

v.

DENNIS, INC., and Thomas Turner,
Defendants-Appellees.

No. 85CA1071.

Colorado Court of Appeals,
Div. III.

Dec. 11, 1986.

Machol and Machol, P.C., Kelly P. Albers, Denver, for plaintiff-appellant.

H. Wayne Leiser, Denver, for defendants-appellees.

BABCOCK, Judge.

Plaintiff, Thomas F. Romola, appeals the summary judgment entered in favor of defendants, Dennis, Inc., and Thomas Turner. We reverse.

Plaintiff and defendant Turner were shareholders in Dennis, Inc. (the corporation). Plaintiff brought this action to recover for default on a $55,000 promissory note of the corporation. Plaintiff alleges that Turner is personally liable on the corporate note because, pursuant to a stock transfer agreement executed subsequent to the note, plaintiff agreed to transfer 300 shares of stock in the corporation to Turner as consideration for Turner's personal guaranty of the note, a pre-existing corporate debt.

The trial court, on motion for summary judgment, determined that the undisputed facts were that the note was given by the corporation in exchange for the transfer of stock to the corporation. It also found that because the corporation was insolvent at the time of the transfer, the purported transfer was void under § 7–3–102(4), C.R.S. (1986 Repl.Vol. 3A), which provides that a corporation may not make a purchase of or payment for its own shares at a time when the corporation is insolvent.

The trial court then concluded that because the underlying transaction was void as against public policy, both the note and Turner's personal guaranty were void, since a guarantor's liability generally is coextensive with that of the principal, unless expressly agreed otherwise.

Plaintiff contends on appeal that material issues of fact exist regarding the consideration for the note and the party to whom the stock was sold. We agree.

■ Summary judgment is a drastic remedy, and is never warranted except on a clear showing that there is no genuine issue as to any material fact. *Primock v.*

*Hamilton,* 168 Colo. 524, 452 P.2d 375 (1969). Summary judgment should be granted only when the moving party demonstrates existence of both evidentiary and legal predicates for its entry. *Southard v. Miles,* 714 P.2d 891 (Colo.1986). All doubts as to the presence of disputed facts must be resolved against the moving party. *KN Energy, Inc. v. Great Western Sugar Co.,* 698 P.2d 769 (Colo.1985), *cert. denied,* 472 U.S. 1022, 105 S.Ct. 3489, 87 L.Ed.2d 623 (1985).

Whether an ambiguity exists in the terms of an agreement is a question of law. *Pepcol Manufacturing Co. v. Denver Union Corp.,* 687 P.2d 1310 (Colo.1984). When an ambiguity is found to exist which cannot be resolved by reference to other contractual provisions, extrinsic evidence must be considered by the trier of fact to determine the contract's meaning in the same manner as other disputed facts. *Pepcol Manufacturing Co. v. Denver Union Corp., supra.*

■ We conclude that the note and the transfer agreement, in relation to each other, are ambiguous. Neither refers to the other, although the amount in each is the same. The undated transfer agreement makes no mention that the note was given in consideration for the stock; rather, it refers to the corporation as "currently indebted" to plaintiff in the amount of $55,000, and states that: "In consideration for the transfer of said 300 shares of stock Thomas A. Turner agrees to personally guarantee the Dennis, Inc. corporate obligation as described ... above." Furthermore, the agreement provides that plaintiff "agrees to deliver *to Thomas A. Turner*" the stock certificates, and again refers to the "transfer of the 300 shares of Dennis, Inc. from Thomas F. Romola *to* Thomas A. Turner." (emphases added) Nowhere does the agreement refer to the stock as being sold to or purchased by the corporation. Finally, there is no showing that the stock was transferred to either the corporation or Turner.

Consequently, it is not clear whether these separate instruments constitute a single agreement for the transfer of stock to the corporation in exchange for a note with Turner's personal guaranty, or separate agreements for the repayment of a pre-existing obligation and for the guaranty of that obligation in exchange for a transfer of stock to Turner. Therefore, it is necessary for the trier of fact to resort to extrinsic evidence to determine the purpose of and consideration for the note. *See Marquart v. Clark*, 109 Colo. 62, 121 P.2d 885 (1942). Thus, summary judgment was improper.

The judgment is reversed, and the cause is remanded for further proceedings.

VAN CISE and METZGER, JJ., concur.