## STATE NAT. BANK OF TEXARKANA v. POTTER. (No. 2437.)

(Court of Civil Appeals of Texas. Texarkana. July 1, 1921. Rehearing Denied July 2, 1921.)

1. Sales ⬯191—Payee, who accepted notes by selling them, bound to ship machinery.

Where defendant maker of notes delivered them to the agent of the payee, on condition the payee would accept them and ship by a given time certain machinery purchased by the maker, the payee accepted the notes by the act of selling them, and was legally bound thereby to ship the machinery.

2. Bills and notes ⬯370—Want or failure of consideration not defense against holder in due course.

The want or failure of consideration of notes is not available as a defense against a bank, which took them without notice in such respect before acquisition; the notes at the time not being due.

3. Bills and notes ⬯56—Notes not void because maker did not affix revenue stamps.

Where the lack of federal revenue stamps on certain notes was rectified before they were put into the course of trade, and before plaintiff bank, a holder in due course, acquired them, such notes are not void merely because the maker himself did not affix the proper stamps.

4. Bills and notes ⬯342—Lack of cancellation of revenue stamps on transfer to holder in due course not a circumstance of suspicion.

The mere fact that federal revenue stamps on certain notes were not marked "Canceled" at the time of the transfer of the notes to plaintiff holder in due course was not such a circumstance of suspicion in and of itself as to put plaintiff purchaser of the notes on inquiry.

Appeal from Smith County Court; D. R. Pendleton, Judge.

Suit by the State National Bank of Texarkana against U. A. Potter. From a judgment for defendant, plaintiff appeals. Judgment reversed, and rendered for plaintiff.

Will D. Pace, of Troup, and Bulloch, Ramey & Storey, of Tyler, for appellant.
Brooks & Johnson, of Tyler, for appellee.

LEVY, J. The suit is by the appellant on promissory notes made by appellee and payable to the order of the Williams Mill Manufacturing Company. Appellant alleged that it acquired the notes and became a bona fide owner and holder of same in due course of trade, for a valuable consideration, before maturity of any one of them. The appellee pleaded that the notes were never delivered to the Williams Mill Manufacturing Company as binding obligations at the time, but were conditionally delivered; failure of consideration; and the invalidity of the notes for lack of revenue stamps in conformity with law. After hearing the evidence, the court gave a peremptory instruction to the jury to return a verdict in favor of defendant, and error is predicated on this ruling.

[1, 2] The evidence conclusively shows that the appellant acquired the notes before maturity in due course of trade, without notice of any equities between the maker and the payee. It does appear that appellee delivered the notes to the agent of the payee upon a condition that the payee would accept them and ship the machinery by a given time. The payee did accept the notes, by the very act of selling them, and was legally bound thereby to ship the machinery. The payee having accepted the notes, the maker was legally entitled to make claim to that amount in the bankruptcy proceedings. The want of failure of consideration of the notes is not available as a defense against appellant; there being no evidence that it had any notice in that respect before acquisition, the notes not being at that time due. The trial court seems to have decided as a matter of law, influencing the peremptory instruction, that—

"The notes were invalid and nonnegotiable at the time they were acquired by plaintiff," because they "were not stamped with the revenue stamps by the defendant, nor by his authority, as required by the act of Congress requiring revenue stamps to be affixed and canceled by the maker."

The only evidence introduced at the trial with reference to the stamping of the notes was the testimony of appellee, as follows:

"The notes were not stamped with revenue stamps at the time I signed and turned them over to the agent of the Williams Mill Manufacturing Company, and were not canceled at that time, as they had not been sent in and approved by the company, and were to be sent back to the bank at Troup. They never were sent back to me to stamp, and I never did put revenue stamps on them, nor authorize any one else to do so. The stamps that are now on the notes were not put there by me, or with my knowledge or consent, and the initials and cancellation written on them is not my handwriting. The initials written on the stamps are 'V. A. P.'"

---

[3, 4] It appears that these stamps were on the notes at the time the appellant acquired them, but the letters "V. A. P." were apparently written on the stamps at a date later than that of acquisition. Clearly the lack of the stamps was rectified before the notes were put into the course of trade and before appellant acquired them, and the notes are not void merely because the maker himself did not affix the stamps. Failure on the part of any maker to affix stamps is a personal punishment to him. The law does not make the notes void because the owner has not affixed the stamps, if the stamps are finally on the notes by the time they are disposed of in the due course of trade. And the mere fact that the stamps on the notes were not marked or canceled at the time of the transfer would not be such a circumstance of suspicion, in and of itself alone, as to put the purchaser upon inquiry.

The judgment is reversed, and, as it appears conclusively that the plaintiff was a bona fide purchaser for value without notice, judgment is here rendered in favor of plaintiff for the debt sued for, interest, and with costs of the trial court and of this appeal.

⊘⊶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes