## No. 10,297.

## METROPOLITAN STATE BANK *v.* MCNUTT.

Decided May 7, 1923.

Action on promissory note.    Judgment for defendant.

### · *Reversed.*

1. BILLS AND NOTES—*Promissory Note—Fraud.* Fraud is not a defense as against a bona fide holder in due course of a promissory note.

2. JUDGMENT—*Court Findings—Presumption.* The rule, that it is presumed that a court considered only competent evidence, does not apply when it appears from the record that its conclusions are based on incompetent evidence.

3. BILLS AND NOTES—*Regularity—Revenue Stamps.* A promissory note, otherwise in due form, is "complete and regular upon its face," within the meaning of section 3869, C. L. 1921, although it bears no revenue stamps.

    The absence of revenue stamps is no notice to an indorsee of a promissory note, of any infirmity in the instrument, defect in the title of the person negotiating it, is not a suspicious circumstance, and is no evidence that the note was taken in bad faith.

4. *Promissory Note—Construction.* That construction of a promissory note should be, adopted which is favorable to the validity of the instrument.

5. JUDGMENT—*Authority to Confess—Construction.* The authority to confess judgment is construed strictly against the party in whose favor it is given.

*Error to the District Court of the City and County of Denver, Hon. Clarence J. Morley, Judge.*

Messrs. IRWIN & FRIEND, for plaintiff in error.

Mr. E. H. WHITNEY, for defendant in error.

MR. JUSTICE ALLEN delivered the opinion of the court.

THIS is an action upon a promissory note.    The note

contained an authorization of confession of judgment. At first, judgment was taken by confession. It was afterwards vacated, and defendant given leave to file an answer. The case was tried upon the issues tendered by the defendant's answer. At the close of the evidence, the court found for the defendant, and judgment was entered accordingly. The plaintiff has sued out this writ of error.

The promissory note involved in this case was executed and delivered by defendant to The Service Truck Sales Company, on August 31, 1920. It is for the sum of $3,207.96, payable in twelve monthly installments of $267.33 each. The first installment became due one month after the date of the note. Prior to the maturity of any installment, the plaintiff acquired the note, and now sues as a holder in due course.

The answer admits the execution and delivery of the note, and that it was endorsed to plaintiff before maturity, but denies that plaintiff is a holder in due course, and pleads the fraud of the payee as a defense.

The principal question presented for our determination is whether or not the plaintiff is a holder in due course. If it is held that it is such holder, the question of fraud need not be considered, as fraud is not a defense as against a bona fide holder in due course. 8 C. J. 787, et seq.

Section 3869 C. L. 1921, reads as follows:

"A holder in due course is a holder who has taken the instrument under the following conditions:

First. That it is complete and regular upon its face;

Second. That he became the holder of it before it was overdue, and without notice that it had been previously dishonored, if such was the fact;

Third. That he took it in good faith and for value;

Fourth. That at the time it was negotiated to him he had no notice of any infirmity in the instrument or defect in the title of the person negotiating it."

Upon the issue of plaintiff being a holder in due course, the court found for defendant. The general rule that it is presumed that the court considered only competent evi-

dence cannot be applied here, because it is shown by the bill of exceptions .that the court rested its conclusions on evidence which is not competent on the issue in question.

The note sued on is secured by a chattel mortgage on a truck. The note was given in payment for the truck. At the time the truck was purchased by defendant from the Sales Company, and the note and mortgage given to that Company, there was on record a prior chattel mortgage on the property. Defendant had no actual knowledge of that prior mortgage. According to the answer, there was fraud on the part of the Sales Company in concealing from defendant the fact that the truck was mortgaged when purchased by him.

The trial court, in its findings, says that plaintiff "was charged with constructive notice of the existence of the prior mortgage." It was, but that fact would be material only in case the plaintiff was looking to, or dealing with the property. The trial court evidently proceeded on the theory that the record of the prior chattel mortgage was such notice to plaintiff as to preclude it from being a holder in due course. This theory is not tenable. It is sufficiently refuted by the following text in 8 C. J. 518, section 729:

"The holder of a note takes it unaffected by the contents of public records, not referred to in the instrument itself, in the absence of actual notice, and one is not bound to examine the records to ascertain if there is any instrument of record which would give notice of some defense to paper which he is about to purchase."

We said in *Hukill v. McGinnis,* 70 Colo. 455, 202 Pac. 110, that "to defeat the note, there must be evidence of actual knowledge of the infirmity or defect, or knowledge of such facts that the action of the endorsee in taking the note constituted bad faith." See also section 3873, C. L. 1921. There is no evidence that plaintiff had actual notice of the prior mortgage. Neither the note sued on, nor the chattel mortgage given to secure it, contains any recitals

which would put plaintiff on inquiry as to the existence of a prior mortgage.

Section 3873, C. L. 1921, provides:

"To constitute notice of an infirmity in the instrument or defect in the title of the person negotiating the same, the person to whom it is negotiated must have had actual knowledge of the infirmity or defect, or knowledge of such facts that his action in taking the instrument amounted to bad faith."

Constructive notice given by the recordation of instruments. does not impute such knowledge as is contemplated by the section above quoted. The trial court was in error in assuming the contrary, or in considering constructive notice in connection with the issue of plaintiff's taking the note with knowledge of defenses existing against it.

The second ground on which the trial court held that plaintiff is not a holder in due course is that the instrument was not complete at the time it came into plaintiff's hands. The court was of the opinion, and it is now contended by defendant, that the note was not "complete and regular upon its face," within the meaning of section 3869 C. L. 1921, because revenue stamps were not affixed thereto. The trial court cited in its opinion, as found in the bill of exceptions, and the defendant principally relies, upon the case of *Lutton v. Baker,* 187 Iowa, 753, 174 N. W. 599, 6 A. L. R. 1701, wherein it was held that a note from which the stamps were omitted was incomplete and not regular upon its face, and that a purchaser thereof was not a holder in due course. That case was inconsistent with earlier Iowa decisions, and is overruled by later decisions in the same jurisdiction. *Farmers' Sav. Bank v. Neel,* 193 Iowa, 685, 187 N. W. 555, 21 A. L. R. 1116; *Richardson v. Cheshire,* 193 Iowa, 930, 188 N. W. 146.

A case on all fours with the instant case, in this connection, is that of *Solomon Nat. Bank v. Birch,* 111 Kan. 283, 207 Pac. 191, where, among other things, the court said:

"We do not think the circumstance that a note was not

stamped when it was executed, where a sufficient stamp is attached and canceled at the time of its transfer, prevents it from being then complete and regular on its face, or precludes the transferee from becoming a holder in due course. We regard the terms 'complete' and 'regular' as referring to the condition of the note itself, with regard to its contents, execution (of which the affixing of a stamp is no part), and indorsement. The stamp is merely evidence of the payment of a tax."

That case is consistent with *Trowbridge v. Addoms*, 23 Colo. 518, 48 Pac. 535, where this court held that the absence of a revenue stamp from a deed does not render the deed invalid or inadmissible in evidence. In the instant case, as in *Solomon Nat. Bank v. Birch, supra*, the stamps were affixed after the first holder offered the note for negotiation, but even if the stamps were never affixed, the note would still be complete and regular upon its face, within the meaning of the Negotiable Instruments Act. It was error to hold otherwise.

The absence of the revenue stamps was not notice of any infirmity in the instrument or defect in the title of the person negotiating the note. *Burson v. Huntington*, 21 Mich. 415, 4 Am. Rep. 497; *Bank of Potter* (Texas) 231 S. W. 828; *Farmers' Sav. Bank v. Neel, supra*. It was not a suspicious circumstance, but even if so, it is no evidence that the note was taken in bad faith. *Hukill v. McGinnis, supra; Merchants' Bank v. McClelland*, 9 Colo. 608, 13 Pac. 723.

The defendant contends also, that the instrument sued on is not a negotiable instrument because it provides for a confession of judgment "after maturity" without adding the words "if not paid." The note, however, is capable of the construction whereby a confession of judgment is authorized only in case the note is not paid, or any installment due is not paid. Such construction should be adopted because it is favorable to the validity of the instrument. 8 C. J. 85. The authority to confess judgment is construed strictly against the party in whose favor

it is given. 23 Cyc. 705. The contention, above stated, is not sustained.

The plaintiff was a holder in due course. It was error to find or hold otherwise, at least upon any ground which has been suggested. The judgment is reversed, and the cause remanded for further proceedings not inconsistent with the views herein expressed.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE BURKE concur.