## No. 10,610.

## SWANSON *v.* FIRST NATIONAL BANK OF BURLINGTON.

Decided July 2, 1923.   Rehearing denied November 5, 1923.

Suit to foreclose mortgage.   Decree for plaintiff.

### *Affirmed.*

### *On Application for Supersedeas.*

1. PLEADING—*Answer—Issue.*   Where it was ordered that an amended answer should be considered as filed, provided defendant paid certain costs, which were thereafter paid, and the case proceeded to trial, the contention that no issue was joined, is overruled.

2. BANKS AND BANKING—*Name.*   The corporate name of a national bank need not show the state where it does business, and such a bank may adopt any name which the comptroller of the currency approves.

3. PLEADING—*Banks—Corporate Name.*   It is not necessary that the caption of a complaint on behalf of a national bank should name the city and state where the bank is located.   If the information is given in the body of the pleading, it is sufficient.

4. BILLS AND NOTES—*Due Course—Fraud.*   In an action involving a promissory note, the plaintiff being a holder in due course, questions relating to fraud of the original payee need not be considered, unless the knowledge of the payee can be imputed to the plaintiff.

5. BANKS AND BANKING—*Agent—Knowledge.*   Knowledge of · a director of a bank of the infirmities in a promissory note which he transfers to the corporation, cannot be imputed to the latter, where the official acts in his individual capacity.

6. JUDGMENT—*Judge in Another County.*   A decree rendered while the judge is in another county of his district is not invalid on that account.

7. NEW TRIAL—*Motion.*   The fact that a motion for a new trial is undisposed of at the time the decree is signed, is immaterial, where the court announced at the time of making its findings, that such a motion was unnecessary.

8. JUDGMENT—*New Trial*. A defeated party cannot delay the termination of litigation in the trial court by filing a motion for new trial, an order having been entered dispensing with such a motion.

9. APPEAL AND ERROR—*Judgment—Substantial Rights*. No judgment can be reversed or affected by reason of any error or defect which does not affect the substantial rights of the parties.

*Error to the District Court of Kit Carson County, Hon. John W. Sheafor, Judge.*

Mr. W. PENN COLLINS, Mr. GUY D. DUNCAN, for plaintiff in error.

Messrs. ALLEN & WEBSTER, for defendant in error.

*Department One.*

MR. JUSTICE ALLEN delivered the opinion of the court.

THIS is a suit in equity for the foreclosure of a mortgage. There was a decree for plaintiff. Defendant has sued out this writ of error, and is applying for a supersedeas.

The plaintiff is the holder of a promissory note which had been made and executed by defendant to one Sidney P. Godsman. The note was secured by a mortgage on defendant's land. This is the mortgage sought to be foreclosed in this suit. The plaintiff sues as the assignee of such mortgage by reason of having acquired the note before maturity and otherwise in due course.

The plaintiff in error, defendant below, contends that the trial was had without the joining of issues, and that defendant was not permitted to file an answer to plaintiff's amended complaint. There was at first a judgment for plaintiff by default. The record is encumbered with numerous motions and orders made thereafter. One of the orders was that an answer which the defendant had previously tendered should be considered as filed, provided defendant paid certain costs. Such costs were thereafter paid. The trial proceeded on plaintiff's pleadings and such answer of the defendant. We find no ground for reversal

of the judgment because of any order regarding pleadings or the alleged absence of any proper order.

In the caption of the complaint, the name of the plaintiff is "The First National Bank of Burlington," and it is described as "a corporation." The plaintiff in error contends that the foregoing name is not the name of any legal entity having the power to sue. In the body of the complaint the plaintiff is described as a corporation organized under the National Bank Act, and it is alleged that its office and principal place of business is located at Burlington, Colorado. The above mentioned contention of plaintiff in error, seems to be based on the proposition that plaintiff does not have a legal name because the name it assumes does not designate the city and state in which the banking institution is located. This contention is without merit. The corporate name of a national bank need not show the state where it does business. A national bank may adopt any name which the comptroller of the currency approves. 7 C. J. 762. If defendant was entitled to know the location of plaintiff's principal office, that information was given in the body of the complaint.

Much of the argument on this application is devoted to the question whether plaintiff is a holder in due course. There is sufficient evidence in the record to support the finding that plaintiff is such holder. That being the case, there is no necessity for the consideration of questions relating to the alleged fraud and duress of the original holder or payee of the note, unless it be the question next considered. The original payee, who is charged by defendant with fraud and duress in procuring the note, was the party who transferred the note to the plaintiff bank, and such payee is a director of plaintiff, a banking corporation. Assuming, but not conceding, that the payee was guilty of fraud and duress, as charged, and therefore would know of the infirmities in the instrument and defects in his title thereto, the question arises: Must his knowledge be imputed to the bank? The question must be answered in the negative, in this case. The bank, in acquiring the note,

was represented and acted by another officer. The payee of the note, Sidney P. Godsman, in transferring the instrument to the bank was not acting for the bank. He did not act for the corporation at any time, in connection with this note. He was dealing only for himself when he negotiated the paper. Under such circumstances his knowledge is not to be imputed to the corporation. 14A C. J. 490, § 2358. The principle here applied was recognized by this court in *Franklin Mining Co. v. O'Brien*, 22 Colo. 129, 141, 43 Pac. 1016, 55 Am. St. Rep. 118.

The case was instituted and tried in Kit Carson county. Plaintiff in error contends that the decree is a nullity because, as he says, it was rendered while the judge was in another county of the district. If the decree was thus rendered, it is not made invalid on that account. Chapter 97 S. L. 1911, provides that any judgment or decree, except in cases where trial by jury is necessary, may be rendered by the judge of the district court at any place where he may be in his district. In the instant case, however, the judgment was rendered at the close of the evidence, at the place of the trial. What was done outside of Kit Carson county, after the trial, was the signing of the decree, and the settling of the form thereof. That was not only a convenient practice but a permissible one.

It is claimed that there was a motion for a new trial not disposed of at the time the decree was signed. If such motion there was, it was properly disregarded, because the court had already expressly ordered, at the close of the trial, after announcing that findings would be for plaintiff, that a motion for new trial was not necessary. After such an order is made, the defeated party cannot delay termination of the litigation in the trial court by the filing of a motion for new trial.

The decree is supported by the evidence. There is evidence of every fact which is essential to plaintiff's right to the relief sought and obtained. There was no such error in the procedure and proceedings in the court below which substantially affected the rights of defendant. Section 20,

Ch. 6, S. L. 1911, provides that no judgment can be reversed or affected by reason of any error or defect which shall not affect the substantial rights of the parties.   In *Boyd v. Munson*, 59 Colo. 166, 147 Pac. 662, that statute was invoked and the judgment affirmed, because a retrial would result in the same judgment.

The application for a supersedeas is denied and the judgment is affirmed.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE BURKE concur.