No. 12,848.

DICKSON ET AL. *v.* HORN.

(1 P. [2d] 96)

Decided June 15, 1931.

Mr. Orion W. Locke, for plaintiffs in error.

Mr. I. A. Anderson, Mr. E. M. Eagleton, for defendant in error.

*En Banc.*

Mr. Justice Alter delivered the opinion of the court.

C. B. Horn, defendant in error, hereinafter referred to as plaintiff, recovered judgment against J. Homer Dickson and Margaret Edith Dickson, plaintiffs in error, hereinafter referred to as defendants. The defendants sued out a writ of error, and the plaintiff moves to dismiss the same, for reasons hereinafter stated.

Plaintiff was the owner and holder of a certain promissory note, made and executed by defendants, to secure the prompt payment of which, a deed of trust on certain

of defendants' property was executed, delivered, and recorded. Default occurred in the payments, and plaintiff foreclosed by action in the district court. On February 17, 1930, judgment was rendered in favor of the plaintiff and against the defendants, and sixty days allowed defendants within which to prepare and tender their bill of exceptions, and at the same time an order was entered dispensing with a motion for a new trial. On March 29, 1930, by order of court regularly made, the judgment of February 17, 1930, was amended nunc pro tunc, sixty days allowed defendants within which to prepare and tender their bill of exceptions, and again an order was made and entered dispensing with a motion for a new trial. April 28, 1930, by order of court regularly made, the judgment of February 17, 1930, as amended by the nunc pro tunc order of March 29, 1930, was again amended nunc pro tunc, and sixty days was again allowed within which to prepare and tender defendants' bill of exceptions, and again an order was entered dispensing with the necessity for a motion for a new trial. May 3, 1930, defendants filed a motion for a new trial, which motion remained unheard and undisposed of until March 7, 1931, when defendants filed two other motions, in one of which they asked that the judgment theretofore entered be vacated and set aside, and in the other, that they be permitted to amend their verified answer filed on December 11, 1929, so as to withdraw an admission of an indebtedness of $2,500, and, in lieu thereof, substitute a denial of any indebtedness to plaintiff. March 7, 1931, plaintiff filed his motion asking that the motion for a new trial, as well as the other two motions filed by defendants on March 7, 1931, be stricken. On hearing, the motion of the plaintiff to strike was granted, to which defendants excepted, asked, and were allowed sixty days thereafter within which to prepare and tender their bill of exceptions, which was limited to the action of the court on its ruling on the motion to strike, filed and heard on March 7, 1931. The entire record and the entire bill of exceptions

were tendered to the court on April 22, 1931, to the signing of which plaintiff objected, because the same was not tendered within the time allowed by the court. No ruling upon the plaintiff's objections to the bill of exceptions appears, and the same was signed on April 22, 1931.

██ It is said that the judgment was not final because the motion for a new trial was pending. The court had regularly ordered that the necessity for filing this motion was dispensed with, and this order, in effect, is a denial of any motion for a new trial, which might otherwise have been filed. When an order is entered dispensing with the necessity of filing a motion for a new trial, the defeated party cannot postpone the final determination of the cause by filing such motion. It should be stricken. *Swanson v. First National Bank,* 74 Colo. 135, 138, 219 Pac. 784.

█ The bill of exceptions, not having been prepared and tendered within the time fixed and allowed by the court, nor within the time limited by any proper extension thereof, and when timely objections thereto have been made, cannot be considered by this court. *Ransom v. Holland,* 66 Colo. 420, 182 Pac. 885; *Mogote-Northeastern Co. v. Gallegos,* 69 Colo. 221, 222, 193 Pac. 670.

█ An examination of the assignments of error in this cause discloses that each involves a consideration of the bill of exceptions, and, as we have determined that there is no proper bill of exceptions herein, the writ must be dismissed.

█ The judgment in this cause was entered on February 17, 1930, and, under our rule 18, the defendants had one year within which to sue out a writ of error. Assuming that the amendments to this judgment on March 29, 1930, and April 28, 1930, were the proper subjects of nunc pro tunc orders, they were restrospective, and, as between the parties to the action, had the same effect, to all intents and purposes, as if they had been entered at the same time that the judgment itself was originally rendered. Under the circumstances of this

case, the making of the nunc pro tunc orders could not enlarge the time within which the defendants must sue out their writ of error. 34 C. J. 81; 15 R. C. L. 627; 1 Freeman on Judgments (5th Ed.) §139; *Miller v. Buyer,* 77 Colo. 329, 331, 236 Pac. 990; *Harrington v. Harrington,* 58 Colo. 154, 160, 144 Pac. 20.

The judgment herein was rendered on February 17, 1930; our docket discloses that this writ of error was sued out on April 27, 1931, which is more than a year from the final judgment. The writ must be dismissed.

Motion to dismiss granted.