No. 15,096.

LEVITT, DOING BUSINESS AS LEVITT'S CUT RATE MARKET
v. KERRIGAN.
(122 P. [2d] 246)

Decided February 2, 1942.

Mr. MORRIS RIFKIN, Mr. MAX RIFKIN, for plaintiff in error.

Mr. JOE D. NEFF, for defendant in error.

*In Department.*

MR. CHIEF JUSTICE YOUNG delivered the opinion of the court.

SUSIE LEVITT, doing business as Levitt's Cut Rate Market, instituted an action and obtained judgment

against Thomas F. Kerrigan in the justice of the peace court of the City and County of Denver, upon a claim in the sum of one hundred twenty-five dollars. Defendant appealed to the county court where the cause was tried to a jury and a verdict rendered in favor of defendant on which judgment for costs against plaintiff was entered. To reverse this judgment plaintiff prosecutes a writ of error.

The factual situation, as disclosed by uncontroverted evidence, is as follows: On February 22, 1941, Gordon and Wilkerson sold Thomas F. Kerrigan an automobile, for which he paid a part in cash and gave a check for one hundred twenty-five dollars, the balance of the purchase price. On the same evening, Wilkerson, with whom plaintiff and her clerk had been acquainted for a period of six months or more by reason of the fact that he had on various occasions purchased groceries from them, went into the store, bought a few groceries, and asked the clerk in charge to cash the check for him. Plaintiff had left the store for the evening, taking all the cash with her, except a small amount kept for the purpose of making change, and the clerk advised Wilkerson that he could not give him the full amount of the check at that time; that he could give him the groceries, fifteen dollars, and an I.O.U., and that he could return on the following Monday morning when the I.O.U. representing the balance due on the check would be cashed. Wilkerson returned Monday morning and was paid this amount. Plaintiff deposited the check in the United States National Bank on the same day and in the regular course of business it was presented to the Colorado State Bank, on which it was drawn, where payment was refused because Kerrigan, the maker, had stopped payment. Having shown these facts, plaintiff rested her case.

Defendant did not in any way controvert any of the foregoing facts, but sought to show that the car which had been sold to him by Gordon and Wilkerson, had been represented to be free and clear of encum-

brances, whereas in truth and in fact it was subject to a chattel mortgage then of record. The trial court held such showing immaterial unless and until evidence was introduced showing that plaintiff was not a bona fide holder in due course. Defendant neither introduced, nor sought to introduce such evidence, and at the close of his testimony, plaintiff moved for a directed verdict, which motion the court denied. Error is predicated on this denial, and while other errors are assigned—two relating to the giving of instructions—by reason of the disposition we make of the case on the first-mentioned assignment, we deem it unnecessary to consider them.

Our Negotiable Instruments Law, '35 C.S.A., chapter 112, section 52, is as follows:

"A holder in due course is a holder who has taken the instrument under the following conditions:

"First—That it is complete and regular upon its face;

"Second—That he became the holder of it before it was overdue, and without notice that it had been previously dishonored, if such was the fact;

"Third—That he took it in good faith and for value;

"Fourth—That at the time it was negotiated to him he had no notice of any infirmity in the instrument or defect in the title of the person negotiating it."

The evidence so clearly discloses that under all of these statutory provisions plaintiff was a holder in due course, that the citation of authorities is unnecessary. Defendant in error does not cite a single case supporting a contrary view. The motion of plaintiff for a directed verdict at the close of all of the evidence should have been sustained.

The judgment of the county court is reversed and the cause remanded with directions to set aside the judgment and enter judgment for plaintiff in the sum of one hundred twenty-five dollars and costs.

MR. JUSTICE KNOUS, MR. JUSTICE BURKE, and MR. JUSTICE JACKSON concur.