No. 19,685.

JOHN I. CARTER *v.* ELIZABETH A. CARTER.

(366 P. [2d] 586)

Decided November 27, 1961.   Rehearing denied December 18, 1961.

Messrs. CADDES and CAPRA, for plaintiff in error.

Messrs. JONES, MEIKLEJOHN and KILROY, Mr. LESLIE R. KEHL, for defendant in error.

*In Department.*

Opinion by MR. CHIEF JUSTICE HALL.

THE parties appear here in reverse order of their appearance in the trial court, where plaintiff in error was defendant and defendant in error was plaintiff. We refer to them as plaintiff and defendant.

On May 20, 1953, the plaintiff obtained a money judgment against the defendant in the District Court of Salt Lake County, Utah.

On December 4, 1958, the plaintiff brought this action seeking judgment here for the amount of the Utah judgment. Her complaint contains the necessary allegations as to the jurisdiction of the Utah court, entry of the Utah judgment, and the fact that it remains unsatisfied. Attached to her complaint is a copy of the judgment.

On December 10, 1958, defendant moved to dismiss the complaint for the reason that it fails to state a claim against the defendant. This motion was sustained and leave granted plaintiff to amend her complaint by interlineation. On January 23, 1959, plaintiff amended her complaint by adding thereto the following:
"* * * which judgment is a final judgment."

On February 13, 1960, defendant filed his answer in which he admitted entry of the Utah judgment and non-payment thereof. By way of affirmative defense he alleges that on May 22, 1953, two days after the entry of the Utah judgment, defendant filed in the Utah court his motion for an order to vacate the judgment, enter judgment for him, or grant to him a new trial, and that said motion has never been ruled upon and hence the Utah judgment is not final and cannot be the basis of a Colorado judgment.

On August 19, 1960, plaintiff filed her motion for a summary judgment. This motion was supported by the affidavit of the attorney who represented plaintiff in the Utah action. In his affidavit he, among other things,

states that the above mentioned motion to vacate judgment or for a new trial was by the Utah court denied on October 26, 1959, and that the time for appeal from said judgment had expired on November 26, 1959. A copy of the Utah court order denying the motion is attached to the affidavit. No counter affidavits were filed by the defendant.

On September 22, 1960, the court sustained plaintiff's motion for summary judgment and entered judgment in conformity with the prayer of plaintiff's complaint and dispensed with the necessity of filing a motion for a new trial.

The defendant is here by a writ of error and urges that the pleadings present a "genuine issue of material fact," and that in such cases summary judgment is not a proper remedy.

We do not agree that there is any material issue of fact to be resolved. True, the answer states that the motion to vacate the judgment or for a new trial has not been ruled upon. Subsequent to this statement there was filed in support of the motion for summary judgment the attorney's affidavit to the effect that the motion had been ruled upon, to which is attached a copy of the order denying said motion, certified by the clerk of the court under the seal of the court to be a true copy of the order as it appears in the records of that court. Had defendant filed a counter affidavit there might remain a real issue.

R.C.P. Colo., 56(c), provides that:

"The motion shall not be heard until at least 10 days after the service thereof. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. * * *."

The entry of a summary judgment upon the record before the trial court was entirely proper.

The judgment is affirmed.

MR. JUSTICE FRANTZ and MR. JUSTICE PRINGLE concur.