No. 19,969.

O. C. Kinney, Inc., *v.* Paul Hardeman, Inc.

(379 P. [2d] 628)

Decided March 11, 1963.

Mr. Stevens Park Kinney, Mr. Stevens Park Kinney II, for plaintiff in error.

Messrs. GRANT, SHAFROTH, TOLL and McHENDRIE, Mr.
CHARLES H. HAINES, JR., Attorneys, Mr. ARNOLD M.
SCHWARZ, of Counsel, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE SUTTON.

WE shall refer to plaintiff in error as plaintiff as it
appeared in the trial court, and to defendant in error
as defendant.

Plaintiff seeks reversal of an order of the district court
granting defendant a summary judgment.

The entire dispute revolves around the question of
whether defendant was required to accept plaintiff's
bid for certain sheet metal and related work for the
construction of a missile site at Lowry Air Force Base
near Denver.

Plaintiff sued on an alleged contract, its complaint
stating in pertinent part that " * * * Defendant request-
ed the Plaintiff among others to bid * * * " and "That
the Defendant represented to the Plaintiff and all other
bidders that said contract for such work would be
awarded to the lowest bidder for such." Plaintiff then
alleges it acted in reliance on the above representation,
expended time and money preparing its bid which was
the lowest one submitted, but that defendant thereafter
entered into a contract for the work with a higher bid-
der, $75,000.00 was sought in damages, together with
costs.

Defendant's answer denied the material allegations of
the complaint and moved its dismissal on the ground
that it failed to "state facts sufficient to constitute a
claim * * * upon which relief can be granted."

Thereafter three depositions were taken, two for de-
fendant and one for plaintiff. The first one was of
Everett L. Krieger, plaintiff's general manager at the
time in question and the man who prepared plaintiff's

bid and negotiated with defendant. The second was of Stevens Park Kinney, Secretary of plaintiff corporation. The third was for plaintiff of Erwin Solloway, defendant's bid estimator, who dealt with Krieger. These depositions can be summarized as disclosing the following undisputed facts:

(1) Defendant did not seek bids from plaintiff, Krieger stating that he heard of the proposed work elsewhere. He thereupon secured bidding data from the federal government and first submitted an erroneous telephone bid on one site to Solloway. This bid was later corrected, reduced to writing and mailed to defendant. Defendant did not reply thereto. It appears that plaintiff's final bid was for $262,809.00.

(2) That defendant, before accepting a bid on this job, was awarded a contract for a second nearby missile site.

(3) That several other subcontractors submitted bids, among them Sam Fox Sheet Metal Company, which submitted a bid of $299,451.00 on one site and $549,000.00 for the two sites. Defendant accepted the two site bid.

(4) That no direct representations of any kind were ever made by defendant to plaintiff as to how the defendant would determine the successful bidder.

(5) That plaintiff hoped to gross "About $50,000.00" on the job if its bid were accepted.

(6) That plaintiff was a relatively new company in this field and never had had a job this large; that it was quite certain it could procure a performance bond but had not tried to do so in connection with this job because it was waiting to see if it would be awarded the contract.

It appears that after suit was begun defendant procured an affidavit of Glenn E. Loveless, plaintiff's successor manager to Krieger, by which it was shown that after plaintiff's bid was submitted it merely "hoped that the prime contractor would wish to divide the work up between sheet metal companies, and at the conference

(with one of defendant's representatives at a later date) I requested that the subcontract for the first site be awarded to O. C. Kinney, Inc. This possibility was discussed. The representative of Paul Hardeman, Inc. made no representations or promises that the contract would be awarded to O. C. Kinney, Inc. I knew * * * (defendant and its associates) would consider all bids on both projects."

Armed with the affidavit and the three depositions defendant sought relief by "MOTION FOR SUMMARY JUDGMENT" which was granted and judgment entered thereon.

Plaintiff seeks reversal urging in substance that it was error to grant the summary judgment because:

(1) No specific agreement had to be entered into under these facts before defendant would be bound;

(2) That a representation had been made to a class of subcontractors, including plaintiff, which would bind defendant; and,

(3) That the custom in the trade was to accept the lowest bid and since plaintiff's was the lowest a contract was created by making its bid.

Under the facts disclosed here we conclude that the trial court was eminently correct in its decision. R.C.P. Rule 56 permits a motion for a summary judgment with or without supporting affidavits. And "judgment sought rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Here no counter affidavit was filed to indicate any genuine issue as to a material fact, and the affidavit and depositions clearly disclosed that plaintiff's complaint could not be sustained; thus as a matter of law the summary judgment was proper. *Parrish v. DeRemer*, 117 Colo. 256, 187 P. (2d) 597 (1947); *Carter v. Carter*, 148 Colo. 495, 366 P. (2d) 586 (1961).

■ The purpose of a motion for summary judgment is to save litigants the expense and time connected with a trial when, as a matter of law based upon admitted facts, one of the parties could not prevail.

■ In the instant case the record discloses no meeting of the minds to create an express contract nor can one be implied from proof of custom and usage or from the circumstances shown here. See *Milone and Tucci, Inc. v. Bona Fide Builders, Inc.,* 49 Wash. 2d 363, 301 P. (2d) 759 (1956). A bid is normally considered only as an offer until such time as it is accepted. *United States of America v. Farina, et al.,* 153 F. Supp. 819 (U.S.D.C.N.J. 1957). (Action dismissed under Rule 12 (b) (6) of the Federal Rules of Civil Procedure, 28 U.S.C.A. §2072). Mere notification or knowledge that one's bid is low cannot of itself create a contract between the parties.

■ Even if defendant's uncommunicated desire to have bids submitted could be relied upon by plaintiff, it is obvious that, at best, it was merely an invitation to bid and not an operative offer. Plaintiff's bid itself constituted the offer and it would take defendant's acceptance to complete a contract. *United States v. Sabin Metal Corporation,* 151 F. Supp. 683 at 687, (U.S.D.C., S.D.N.Y.) (1957).

Plaintiff's assertion that here there was no provision in the specifications reserving the right to defendant to reject any and all bids makes no difference, for it has been held that an owner is under no obligation to accept any bid. *Bromley v. McHugh,* 122 Wash. 361, 210 Pac. 809 (1922). Of course, the express terms and conditions of a call for bids might alter that rule, but we are not faced with that situation here.

The depositions here also show that even if plaintiff's dollar amount had been acceptable to defendant, other material provisions of a written contract, including conditions and bonding terms, would have had to be agreed upon. The bid submitted by plaintiff in this case was

576

not capable of being acted upon without reference to these matters so could not be considered complete in any event. *Casey v. Independence County,* 109 Ark. 11, 159 S.W. 24, 25 (1913).

█ Plaintiff's theory that it was a trade custom for low bids to be automatically accepted, is not helpful to plaintiff. The applicable rule, correctly applied by the trial court, is that evidence of a trade custom, where such in fact exists, is admissible only to show the terms with reference to which parties in a trade are presumed to agree in a contract actually entered into, and is not admissible where no contract has been first shown to exist. *Milone,* supra; 55 *Am. Jur., Usages and Customs,* §28.

We find no merit in any of plaintiff's grounds urged as error.

The judgment is affirmed.

MR. CHIEF JUSTICE FRANTZ and MR. JUSTICE PRINGLE concur.