No. 22075.

AMOS H. TERRELL AND FLORA TERRELL *v.* WALTER E. HELLER & COMPANY.
(439 P.2d 989)

Decided April 22, 1968.

464

IRVIN L. MASON, for plaintiffs in error.

BRADFORD, McDANIEL & MAYNES, for defendant in error.

*In Department.*

Opinion by MR. CHIEF JUSTICE MOORE.

DEFENDANT in error, Walter E. Heller & Company here-inafter referred to as Heller, brought this action against plaintiffs in error Amos and Flora Terrell to recover sums alleged to be due under two promissory notes executed by the Terrells and to foreclose chattel mort-gages given by them to secure payment of their promis-sory notes. From the judgment for Heller, the Terrells bring this writ of error.

In 1961 the Terrells had purchased certain laundry and dry cleaning equipment from A.L.D. Incorporated of Chicago, Illinois, and had given in return their two promissory notes representing an aggregate indebtedness of $28,178.04, together with chattel mortgages encumber-ing the newly acquired equipment. A.L.D. Incorporated subsequently endorsed the notes and chattel mortgages to Heller. The Terrells made payments on their promis-sory notes to Heller for approximately one year. At the end of that time the laundry and dry cleaning equipment malfunctioned and the Terrells were unable to receive satisfactory service from A.L.D. Incorporated. They thereupon ceased making payments to Heller on their promissory notes, thereby forcing Heller to commence the present action.

In its complaint Heller alleged that it was a holder in due course of the Terrell promissory notes; that the Terrells were in default on their obligation; and that Heller elected to declare the entire indebtedness due and payable according to the acceleration clauses contained in the notes. Copies of the notes, which showed the en-dorsements to Heller, were annexed to the complaint. Heller prayed for a determination of the amounts owing on the Terrell notes, for a foreclosure of the chattel mortgages on the machinery, and for a deficiency judg-ment against them for any indebtedness remaining after sale of the chattels.

The Terrells filed an answer in which they alleged

an affirmative defense that A.L.D. Incorporated had obtained the notes by fraud and for an inadequate consideration, and that Heller was not a holder in due course but had obtained the notes with knowledge of their infirmities.

Thereafter, Heller filed its motion for summary judgment based on the Terrells' depositions, the affidavits by Vogel, Heller's collection manager, and by Sussman, Heller's executive in charge of notes receivable. These affidavits and depositions established that Heller had obtained the notes without notice of any infirmities in the instruments. It was further made to appear, without contradiction, that the Terrells made payments to Heller for approximately one year before giving notice of A.L.D. Incorporated's alleged fraud. Finally, the affiants stated that a principal sum of $22,332.13 plus interest, attorneys fees and costs remained owing on the notes upon which the action was brought.

The Terrells did not choose to file counter affidavits in opposition to the motion or to otherwise dispute the affirmative statements contained in the affidavits and depositions submitted in support of Heller's motion for summary judgment. The Terrells, however, responded by moving the district court to join A.L.D. Incorporated as a third party defendant. The district court denied this motion and that order is not contested in the present writ of error.

The district court on September 18, 1964, entered a summary judgment in favor of Heller against the Terrells on the issue of liability, but reserved for determination at a subsequent hearing the specific amounts payable. On September 8, 1965, the court entered its "Findings, Decree and Order of Sale," adjudging that the sums owing under the two notes comprised a principal of $22,332.13, plus interest, and costs and attorneys' fees in the sum of $2,233.21. The district court ordered foreclosure of the chattel mortgages, and a sheriff's sale of the chattels if the judgment remained unpaid after

ten days. Jurisdiction was retained for confirmation of the sheriff's sale and for entry of a deficiency judgment in the event that the proceeds from the sale were inadequate to satisfy Heller's judgment.

The Terrells contend that the grant of summary judgment herein was improper for the reason that the parties' pleadings raised numerous issues of fact which could only have been resolved by a plenary trial. The procedural rule allowing summary judgment, however, is designed to pierce through the allegations of fact in pleadings and to avoid an unnecessary trial where the matter submitted in support of a motion for summary judgment shows that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." R.C.P. Colo. 56(c); *O. C. Kinney, Inc. v. Paul Hardeman, Inc.*, 151 Colo. 571, 379 P.2d 628.

The Sussman and Vogel affidavits, together with the Terrells' depositions, clearly established a case for summary judgment in Heller's favor. It was shown that at the time the notes were negotiated to Heller it had no notice of any defenses existing between the original parties, and that Heller was a holder in due course. C.R.S. 1963, 95-1-52; *Levitt v. Kerrigan*, 109 Colo. 129, 122 P.2d 246. Further, assuming that elements of fraud tainted A.L.D. Incorporated's acquisition of the Terrell notes, such was not a defense against Heller, a bona fide holder in due course. *Swanson v. First National Bank of Burlington*, 74 Colo. 135, 219 P. 784; *Metropolitan State Bank v. McNutt*, 73 Colo. 291, 215 P. 151.

Heller's affirmative showing of specific facts probative of its right to judgment, uncontradicted by any counter affidavits submitted by the Terrells, left the trial court with no alternative but to conclude that no genuine issue of material fact existed. As we stated in *Carter v. Carter*, 148 Colo. 495, 366 P.2d 586: "Had defendant filed a counter affidavit there might remain a real issue."

We find the Terrells' remaining contentions equally lacking in merit. It is urged that the sheriff's sale of the chattels and retention of jurisdiction for purposes of entering a deficiency judgment exceed the relief prayed for in the complaint, but an examination of Heller's complaint shows the prayer consistent with the district court's judgment. The Terrells also urge that the trial court's judgment is indefinite and uncertain. The judgment for the sums owing on the notes and the order of foreclosure, however, adequately informs the parties of the court's determination. Finally, the district court's order foreclosing the chattel mortgages and directing sale of the personalty was not entered by way of execution under C.R.S. 1963, Ch. 77. Consequently, the procedures specified in that chapter for levies on execution were not violated by the district court's order of foreclosure and sale.

The judgment is affirmed.

MR. JUSTICE PRINGLE and MR. JUSTICE HODGES concur.