483 P.2d 977 (1971)
Gerald J. DURNFORD et al., Plaintiffs in Error,
v.
The CITY OF THORNTON, a Municipal corporation, State of Colorado, and West Adams County Fire Protection District, a Quasi-Municipal corporation, Defendants in Error.
No. 71-049, (Supreme Court No. 24178.)
Colorado Court of Appeals, Div. I.
April 6, 1971.
Martin P. Miller, James J. Moran, Denver, for plaintiffs in error.
Orrel A. Daniel, Leonard H. McCain and Edward A. Brown, Brighton, Mitchem & Perlmutter, Allen P. Mitchem, Denver, for defendant in error City of Thornton.
Gaunt, Byrne & Dirrim, Lysle R. Dirrim, Brighton, for defendant in error West Adams County Fire Protection District.
Selected for Official Publication.
PIERCE, Judge.
This case was transferred from the Supreme Court pursuant to statute.
The parties appear here in the same order as they appeared below; they will be referred to as plaintiffs, City, Fire District, or by name.
Plaintiffs appeal from a summary judgment by the trial court upon its determination that there was no genuine material issue of fact in dispute. The record reflects that the City of Thornton owns and operates a water system located in the West *978 Adams County Fire Protection District. This system includes numerous fire hydrants and a supporting water supply. Some hydrants are located outside the City limits but within the District. There is no indication in the record, nor is there any allegation, that the West Adams County Fire Protection District at any time owned or operated either fire hydrants or a water system.
In December of 1965, the City of Thornton passed Ordinance No. 228 concerning the rates for fire hydrant rentals and declaring an emergency. The ordinance reads in part as follows:
"On and after January 1, 1966, and in accordance with engineering recommendations as to the cost of providing water service to the fire hydrants connected to the water system, there is hereby imposed the following rates and charges:
"(a) For all fire hydrants located inside the City of Thornton a fire hydrant rental charge of $6.50 per hydrant per month, payable quarterly, said rental payments to be due and payable from the General Fund of the City.
"(b) For all customers of the City's water utility located outside the City of Thornton, to defray the costs of providing water services to fire hydrants located outside the City limits, there shall be added to each monthly bill of each customer the sum of fifty cents ($.50).
"(c) Said revenue, as collected, to be segregated from all other charges and used by the City to defray the cost of providing water services to said fire hydrants."
Plaintiffs in this action were nonresidents of the City of Thornton and had been for some time prior to enactment of the ordinance in question. They resided within the boundaries of the West Adams County Fire Protection District. According to the City's affidavits and exhibits incorporated therein, 24 plaintiffs were under contract for water and sewer service with the City. Only two of said water and sewer contracts were entered into subsequent to January 1, 1966, the effective date of Ordinance No. 228. These contracts provide, in part, as follows:
"1. The City agrees to furnish and sell to User and to the property herein described continuous water and/or sewer service during the term of this contract at rates and charges and subject to rules, regulations and ordinances of the City of Thornton now or hereinafter in effect. * * *
* * * * * *
"3. It is understood and agreed that the City may establish rate classifications providing for different rates within classifications based upon different kind [sic] of customers served or different customers or otherwise regardless of whether said customers are located inside or outside the City limits.
"4. User covenants and agrees to pay when due the applicable rates for service and to comply with and be bound by the rules, regulations and ordinances adopted by the City concerning water and/or sewer service. * * *"
The City's affidavits also indicated that after the enactment of the ordinance in question explanatory information was mailed to each customer residing outside the City limits, and each plaintiff under contract with the City paid the 50¢ per month charge for fire hydrant service without protest.
In May of 1968, plaintiffs filed a complaint which alleged, among other things, that Ordinance No. 228 was illegal, void, and contrary to the applicable Colorado statutes. The Fire District was made a third party defendant in the action.
The City filed a motion for summary judgment under R.C.P.Colo. 56, on the ground that there was no genuine issue as to any material fact to be tried. The motion was thereafter supported by affidavits from the City's Utilities Department Office Manager and the City Clerk. Incorporated into these affidavits were the above mentioned contracts executed by the City and plaintiffs, applicable ordinances, *979 and other documents containing factual information pertinent to the action. Plaintiffs submitted no counter-affidavits but elected instead to rely upon the allegations in their complaint.
The trial court ruled in favor of defendants on the motion. Plaintiffs assign as error the trial court's granting of summary judgment in favor of defendant, and contend that there were material and genuine issues of fact for determination.

I.
Plaintiffs contend the charges imposed upon plaintiffs were not assessments for fire hydrant maintenance but were a tax to be paid into the general revenue fund of the City and were, therefore, illegal under the rules announced in Western Heights Land Corp. v. City of Fort Collins, 146 Colo. 464, 362 P.2d 155. We cannot agree that this question presented a factual issue necessitating a trial.
In this case, plaintiffs filed an elevenpage complaint containing 49 separate paragraphs. After careful study of this document, we find the trial court was correct in its ruling. There are no facts alleged in the complaint that are not either admitted by defendant or specifically rebutted by its affidavits. Plaintiffs' allegation that the 50¢ per month charge was not in any way related to the actual cost of maintaining the fire hydrants, and was thereby an unlawful tax, was clearly answered in the affidavits. Such being the case, unless plaintiffs submitted counter-affidavits or depositions to contradict the affirmative showing made by the City, it was proper for the trial court to grant the motion. Terrell v. Heller & Co., 165 Colo. 465, 439 P.2d 989; Carter v. Carter, 148 Colo. 495, 366 P.2d 586. The law is settled that a party is entitled to a summary judgment when there are pleadings, affidavits, depositions, or admissions on file showing that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. O. C. Kinney, Inc. v. Paul Hardeman, Inc., 151 Colo. 571, 379 P.2d 628. Once the moving party affirmatively shows specific facts probative of its right to judgment, it becomes necessary for the non-moving party to set forth facts showing that there is a genuine issue for trial. Preston v. Duncan, 55 Wash.2d 678, 349 P.2d 605; McGough v. City of Edmonds, 1 Wash.App. 164, 460 P.2d 302.

II.
Plaintiffs also argue that there remained an issue of fact in regard to the interpretation of the contracts, specifically as to whether plaintiffs assented to the addition of the rental charge for fire hydrants. Nowhere in the complaint, however, do we find such an allegation of fact. In the absence of any further affidavits or depositions by plaintiffs, for the reasons discussed above, the trial court properly determined that no genuine issue was presented for trial. Terrell v. Heller & Co., supra.

III.
Plaintiffs further allege that the lower court erred by finding, in effect, that the Fire District did not have the exclusive power to establish facilities to provide fire hydrant service to these plaintiffs. It is the position of the Fire District and the City, in which we concur, that the defendant City of Thornton has the right, as an incident to the water system servicing the area in question, to install fire hydrants as part of this service. Although a fire district may have the statutory authority to provide for fire hydrants and a supporting water system, C.R.S.1963, 89-6-14, the statute is permissive and the fire district is clearly not required to do so. The fact that the Fire District has the power to provide for such a system does not prevent the City of Thornton from providing a similar service as part of its water system. Aurora v. Aurora Sanitation District, 112 Colo. 406, 149 P.2d 662; Garden Home Sanitation District v. Denver, 116 Colo. 1, 177 P.2d 546.
*980 We find no error in the granting of this summary judgment and therefore affirm the ruling of the trial court.
COYTE and DWYER, JJ., concur.