MR. JUSTICE DAY
delivered the opinion of the Court.
This appeal challenges the propriety of a summary judgment of dismissal of Abrahamsen’s claims as plaintiff, alleging that the defendants conspired with each other to falsely charge and accuse plaintiff of the theft of daily addendum lists to the telephone directories of the corporate defendant, Mountain States Telephone and Telegraph Company. All of the defendants denied the allegation.
It is apparent from the record of a hearing on defendants’ motion to dismiss the answers to interrogatories by plaintiff that plaintiffs claim involved a claim of libel and conspiracy to libel him through the verification of certain criminal informations by Egan and Peterson and the preparation of telephone company inter-office reports referred to in answers to interrogatories as “Investigative Reports of the Telephone Company.”
As to the verification of the criminal information, the lower court ruled that summary judgment in favor of defendants was appropriate on the ground of privilege, and the plaintiff does not assign error to that ruling. As to the inter-office reports, however, we think the trial court erred in *426 granting summary judgment in view of the mixed questions of law and fact.
I.
It is well settled that one is entitled to a summary judgment when there are pleadings, affidavits, depositions and admissions on file which show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. O. C. Kinney, Inc. v. Paul Hardeman, Inc., 151 Colo. 571, 379 P.2d 628 (1963). The procedural rule is designed to pierce through the allegations of fact in the pleadings. Terrell v. Heller & Co., 165 Colo. 463, 439 P.2d 989 (1968). It can, properly applied, save litigants the expense and time connected with a trial when, as a matter of law based upon admitted facts, one of the parties could not prevail. O. C. Kinney, Inc. v. Paul Hardeman, Inc., supra. Stated conversely, the material allegations of the nonmoving party’s pleadings must be accepted as true even in the face of denial by the moving party’s pleadings unless the depositions and admissions on file, together with the affidavits, clearly disclose that there is no genuine issue as to any material fact, and that, as a matter of law, summary judgment should be entered. Parrish v. De Remer, 117 Colo. 256, 187 P.2d 597 (1947). Summary judgment, however, is a drastic remedy. To authorize the granting of a summary judgment, the complete absence of any genuine issue of facts must not only be apparent, but all doubts thereon must be resolved against the moving party. Hatfield v. Barnes, 115 Colo. 30, 168 P.2d 552 (1946).
The inter-office reports were not made a part of the record, and consequently, it cannot be determined whether they were libelous. While it appears that the lower court read the reports, it made no ruling that these reports did not contain defamatory statements as a matter of law. Plaintiff asserts that they were defamatory by way of his answer to the interrogatory propounded by defendants noted above. The depositions of the defendants do not disclose any facts directly refuting this assertion. On the record, consequently, plaintiff’s assertions must be taken as true. Under the *427 principles regarding the propriety of summary judgment noted above, we conclude, therefore, that an issue existed as to the defamatory character of the reports.
The same result holds with regard to the communication of inter-office memoranda. The privilege is a qualified one and not absolute. It will be lost where the publishers are actuated by express malice. Ling v. Whittemore, 140 Colo. 247, 343 P.2d 1048 (1959). Indeed, in that case the court cited Denver Public Warehouse Co. v. Holloway, 34 Colo. 432, 83 P. 131 (1905), which expounds on the rule of qualified privilege of inter-office communications at great length. As was stated in Holloway, the question whether in a particular case a publication is to be deemed privileged (that is, whether the situation of the party making it and the circumstances attending it were such as to rebut the legal inference of malice) is one of law to be determined by the court. However, the existence of malice, the question of good faith on the part of the defendants, and their honest belief in the truth of the statements put forth by them, All are matters of fact which are to be determined exclusively by the jury.
Plaintiff’s opportunity to show bad faith can only be through evidence of all the facts and circumstances. Plaintiff, in his deposition, refers to a specific instance where he asserts that Egan encouraged him to acquire the property he was subsequently accused of stealing. Many of the elements of entrapment are in the record as it appears now. So, on the issue of good faith and belief in the truth of the statements made, we have at least a doubt, and the authorities hold that summary judgment should not be granted in case of doubt. Hatfield v. Barnes, supra.
We do not pass upon the question as to whether, in order to establish the liability of a corporation (as distinguished from an individual) for libel, it must be shown that there was circulation or publication of defamatory inter-office memoranda to other than corporate personnel.
II.
We are next confronted with the question of whether any or all of the defendants are entitled to summary *428 judgment in regard to that portion of the allegations involving civil conspiracy, assuming that libel and damage thereby is proven. See Morrison v. Goodspeed, 100 Colo. 470, 68 P.2d 458 (1937). The trial court did not directly rule on this question, but apparently proceeded on the theory suggested in Morrison v. Goodspeed, supra, that for an action in conspiracy to lie, it must be proven that one or more of the defendants engaged in conduct that in itself is actionable. Since the lower court held that any libel was absolutely privileged, it did not directly rule on the question of conspiracy. After reviewing the record and depositions, suffice it to say that it is extremely doubtful that a genuine issue of fact exists as to whether all defendants joined in a conspiracy, even assuming that libel can be proven. However, we note again that summary judgment is not appropriate in cases of doubt. Parrish v. De Remer, supra.
III.
Plaintiffs second claim for relief involves the recording of certain telephone conversations between himself and Sellier and Peterson. The recordings were made without plaintiffs consent, but were lawful if obtained with the consent of Sellier and Peterson. 1967 Perm. Supp., C.R.S. 1963, 40-4-28(1), provides in part:
“(a) Any person not a sender or intended receiver of a telephone or telegraph communication commits the crime of wiretapping and is guilty of a felony when he:
“(b) Willfully overhears, reads, takes, copies, or records a telephone or telegraph communication without the consent of either a sender or a receiver thereof,* * *” (Emphasis added.)
1967 Perm. Supp., C.R.S. 1963, 40-4-29(1), provides in part: “(a) Any person not present during a conversation or discussion commits the crime of eavesdrooping and is guilty of a felony when he:
“(b) Willfully overhears or records such conversation or discussion without the consent of at least one of the principal parties thereto* * *” (Emphasis added.)
*429 See also Rathbun v. United States, 355 U.S. 107, 78 S.Ct. 161, 2 L.Ed.2d 134 (1957).
Plaintiff, in response to a request for admissions, admits that Sellier’s consent was given, so there is no genuine issue of fact on that issue. If plaintiff is contending that unless both parties to the wiretapping consent the interception of the communication is unlawful, it would strike down the entire Article 4, including the remedy provided in Section 40-4-33, under which he seeks damages. Summary judgment was proper on the second claim, so we affirm it.
The judgment on the first claim involving the inter-office communication is reversed, and cause is remanded to the lower court for further proceedings in accordance with the views expressed herein.
MR. JUSTICE GROVES not participating.